KOSKI v ALLSTATE INSURANCE COMPANY

Docket Nos. 104968, 104969. Argued October 8, 1997 (Calendar No. 13). Decided February 3, 1998. Rehearing denied *post*, 1230.

Thomas Koski brought an action in the Saginaw Circuit Court against Allstate Insurance Company, seeking indemnification under a homeowner's policy for a default judgment entered against him in an underlying intrafamily tort action brought as a result of injuries suffered by his minor daughter in an accident on his property. Mr. Koski had not defended the suit, nor had he informed Allstate of it. Before the underlying suit was brought, Mr. Koski had filed a claim, but Allstate had denied it on the ground that a household exclusion precluded coverage. The plaintiff argued that an earlier policy that did not contain the exclusion applied because Allstate had not sufficiently alerted him regarding the reduction in coverage. The court, Lynda L. Heathscott, J., entered judgment on a special jury verdict, finding that Allstate did not sufficiently call the reduction in coverage to the plaintiff's attention, and thereafter denied Allstate's motion for summary disposition, ruling that because the jury found the notice insufficient, the earlier policy remained in effect. The court also summarily ruled that the plaintiff's failure to notify Allstate of the underlying suit as required under the policy did not prejudice Allstate. The Court of Appeals, M. J. KELLY, P.J., and T. G. KAVANAGH and S. T. DAVIS, JJ., affirmed, concluding that, although it was error to submit the issue of the sufficiency of notice to the jury, the error was harmless because Allstate's notice of the household exclusion was not sufficiently emphasized and was therefore inadequate as a matter of law. The Court also ruled that Allstate was not prejudiced by the plaintiff's failure to formally notify it of the underlying suit because it had received prompt notice of the accident as well as inquiries from the victim's attorney suggesting an impending suit (Docket Nos. 155428, 158853). Allstate appeals.

In a unanimous opinion by Justice BRICKLEY, the Supreme Court *held*:

The plaintiff's failure to comply with the notice-of-suit provision under either policy prejudiced Allstate, thus releasing Allstate from any obligation of coverage.

The controlling issue presented in this appeal is whether plaintiff's failure to comply with the notice-of-suit provision under either policy effectively discharged Allstate from any liability for the victim's injury. Under either policy, the plaintiff's duty to immediately forward any legal papers relating to a claim is a condition precedent to Allstate's liability. The evidence established that Allstate received no notification of the suit brought against plaintiff until three months after the entry of the default judgment. Moreover, nothing in the record indicates that Allstate would have refused to defend the suit, if asked, under a reservation of rights. Consequently, Allstate was deprived of any opportunity to engage in discovery, cross-examine witnesses at trial, or present its own evidence relative to liability and damages. Allstate's only recourse toward setting aside the judgment was a motion under MCR 2.612, which requires extraordinary circumstances not in existence in this case. Therefore, the resulting prejudice suffered by Allstate is clear.

Reversed and remanded.

213 Mich App 166; 539 NW2d 561 (1995) reversed.

*Law Offices of Frank & Forster* (by *Michael J. Forster*) for the plaintiff-appellee.

*Plunkett & Cooney, P.C.* (by *Robert G. Kamenec*), for the defendant-appellant.

Amicus Curiae:

*Willingham & Coté, P.C.* (by *John A. Yeager*), for Michigan Association of Insurance Companies.

BRICKLEY, J. The principal issue of law in this case is whether defendant-appellant Allstate may disclaim liability as a result of plaintiff-appellee's failure to comply with a notice-of-suit provision in his homeowners policy. The Court of Appeals affirmed the circuit court's finding that Allstate was not prejudiced by any defect in plaintiff's compliance with that notice provision. For the reasons that follow, however, we reverse the decision of the Court of Appeals and remand to the trial court for entry of final judgment in favor of defendant-appellant Allstate.

I

This appeal arises from an underlying intrafamily tort suit brought as a result of a personal injury accident that occurred on plaintiff Thomas Koski's property in Saginaw County on October 31, 1984. At that time, plaintiff's minor daughter, Nikki Koski, suffered serious injuries when her foot was caught under the wheels of a garden tractor owned and operated by plaintiff.

In 1976, plaintiff purchased a homeowners insurance policy designated "U9002" from defendant-appellant Allstate. Plaintiff continued to renew and maintain the coverage in succeeding years by paying the annual premiums billed by Allstate. In 1982, Allstate sent plaintiff a new policy designated "AU421," which, unlike the earlier policy, excluded intrafamily suits.

Both the U9002 and AU421 policies contained provisions detailing plaintiff's duties in the event of an accident, claim, or suit. Among those provisions was a requirement that plaintiff forward to Allstate any legal papers he received concerning any accident or claim.[1] The policies make satisfaction of those

---

[1] The U9002's notice provision provided, in pertinent part:

> If claim is made or suit is brought against the Insured, the Insured shall immediately forward to Allstate every demand, notice, summons or other process received by him or his representative.

The AU421 policy provided:

> In the event of a loss where an insured person may be responsible for bodily injury or property damage, you must do the following things:

*     *     *

requirements a condition precedent to Allstate's liability on the policy.

When Nikki's father filed a claim shortly after the accident, Allstate advised him that the AU421's household exclusion precluded coverage.[2] While the record does not reveal what transpired between the parties during the ensuing two years, Nikki's attorney contacted Allstate in 1986 in an effort to reach a settlement on Nikki's injury. Allstate again responded that there was no coverage.

In 1987, Nikki, through her mother, filed a tort suit against plaintiff, her father, for money damages in Saginaw Circuit Court. Plaintiff did not notify Allstate of the suit, nor did he defend the action, and on February 5, 1990, a default judgment was entered against plaintiff in the amount of $60,957.39.[3] It was not until May 3, 1990, that plaintiff's counsel informed Allstate of the default judgment and demanded payment. On October 26, 1990, plaintiff filed the instant declaratory action in Saginaw Circuit Court against Allstate for indemnification of the judgment. Plaintiff's complaint asserted that because Allstate did not sufficiently alert him to the AU421's reduction in cover-

---

b) Send us any legal papers relating to the accident.

[2] Allstate's handwritten note provided as follows:

Dear Mr. Koski —

In reference to the claim you reported last week regarding your daughter, please be advised that your homeowners policy does not extend coverage under the medical payments or liability portions to the insured, or any relative residing in the household.

Therefore, there is no coverage for this loss.

[3] On January 3, 1991, the default judgment was amended to $167,469.76 to reflect an increased policy liability limit.

age, the earlier policy without the household exclusion applied.

The matter went to trial in November 1991, and the jury, by special verdict, found that Allstate did not sufficiently call to plaintiff's attention the reduction in coverage. Thereafter, the court denied Allstate's motion for summary disposition, ruling that because the jury found that the notice was insufficient, the earlier policy remained in effect. In addition, the circuit court summarily ruled that Allstate was not prejudiced by any defect in plaintiff's compliance with the notice provision of the policy.

The Court of Appeals affirmed, 213 Mich App 166; 539 NW2d 561 (1995), concluding that, although it was error to submit the issue of the sufficiency of notice to the jury, the error was harmless because Allstate's notice of the household exclusion was not sufficiently emphasized and was therefore inadequate as a matter of law. The Court of Appeals also ruled that Allstate was not prejudiced by plaintiff's failure to formally notify Allstate of the suit because it received prompt notice of Nikki's accident, "as well as inquiries from [Nikki's] attorney suggesting an impending suit and notice of a default judgment . . . ." *Id.* at 175. We granted leave to appeal on both issues. 454 Mich 878 (1997).

II

The controlling issue presented in this appeal is whether plaintiff's failure to comply with the notice-of-suit provision under either policy effectively dis-

charged Allstate from any liability for Nikki's injury.[4] It is uncontroverted that plaintiff complied with the notice-of-claim requirement when he contacted Allstate after Nikki's accident. However, it is also undisputed that plaintiff did not forward any suit papers to Allstate until three months after the entry of default judgment.

In this case, plaintiff's duty to immediately forward any legal papers relating to a claim is a condition precedent to Allstate's liability under either policy. Ordinarily, one who sues for performance of a contractual obligation must prove that all contractual conditions prerequisite to performance have been satisfied. However, it is a well-established principle that an insurer who seeks to cut off responsibility on the ground that its insured did not comply with a contract provision requiring notice immediately or within a reasonable time must establish actual prejudice to its position. *Weller v Cummins*, 330 Mich 286; 47 NW2d 612 (1951); *Wendel v Swanberg*, 384 Mich 468; 185 NW2d 348 (1971). See also 1 Windt, Insurance Claims & Disputes (3d ed), § 3.05, p 123.

The purposes served by notice provisions have previously been the subject of judicial discussion by this Court. As we explained in *Weller*:

> One of the purposes of the provision requiring notice of accident is to give the insurance company knowledge of the accident so that it can make a timely investigation in order to protect its interests. It is also true that the provisions in the insurance policy requiring the insured to "immediately forward to the company every demand, notice, summons,

---

[4] Our decision on the notice-of-suit-provision issue makes it unnecessary for us to consider Allstate's second point of error relating to whether plaintiff received sufficient notice of the AU421's household exclusion.

or other process received by him" is to give the insurance company knowledge and information that an action has been instituted against the insured party. It follows that if the insurance company received adequate and timely information of the accident or the institution of an action for the recovery of damages it is not prejudiced, regardless of the source of its information. [*Id.* at 293.]

The evidence in the instant case established that Allstate received no notification of the suit brought against plaintiff until three months after the entry of the default judgment. Moreover, nothing in the record indicates that Allstate would have refused to defend the suit, if asked, under a reservation of rights.[5] Consequently, Allstate was deprived of any opportunity to engage in discovery, cross-examine witnesses at trial, or present its own evidence relative to liability and damages.

Plaintiff asserts that our previous rulings in *Weller* and *Wendel, supra,* support the proposition that, even if an insured fails to forward suit papers, there is prima facie evidence of no prejudice once an insurer rejects a *claim.* We are unpersuaded by plaintiff's interpretation because, as we explained in *Weller,* notice-of-claim and notice-of-suit provisions exist independently of each other and serve different purposes.

---

[5] As we recently held, "the duty to defend is broader than the duty to indemnify," and an insurer who wrongfully refuses to defend its insured becomes liable on any judgment against the insured "despite theories of liability asserted against any insured which are not covered under the policy." *American Bumper & Mfg Co v Hartford Fire Ins Co,* 452 Mich 440, 450-451; 550 NW2d 475 (1996). An insurer's duty to defend, then, includes the duty to investigate and analyze whether the third party's claim against the insured should be covered. In the instant case, Allstate's duty to defend was completely undercut by plaintiff's failure to provide any notice of Nikki's suit against him.

We also believe that plaintiff misstates our precedent, which, properly understood, does not support a conclusion that plaintiff was excused from the notice provisions at issue here. The insurers in both *Weller* and *Wendel* not only conducted full investigations of their insured's claims, but also knew of the litigation against them.[6] The critical difference between those cases and the instant one is that here it is undisputed that Allstate never received any information before the default that plaintiff had been sued. We believe that it is erroneous to impose on an insurer a duty to determine if suit has been filed and served when its policyholder has not forwarded suit papers, nor should an insurer be saddled with the "sentry duty of tracking back and forth to the court house to keep a check on if or when [the insured] may be served with process." *Weaver v Hartford Accident & Indemnity Co*, 570 SW2d 367, 369 (Tex, 1978).[7]

Plaintiff also maintains that Allstate was not prejudiced because it received notice of the default judgment before it became final, and could have taken certain steps to set the judgment aside. We

---

[6] In *Weller*, the insurer received a full report on an accident involving its insured and learned that its insured was being sued, but nevertheless decided to wait until it heard from its insured. This Court held that because the insurer had knowledge of the suit, it was not prejudiced by the failure of the insured to forward the suit papers. In *Wendel*, an insurer performed an investigation of a claim and made a settlemen· offer to the plaintiff. Later, the plaintiff sued the defendant, who forwarded the suit papers to her insurance agent. The agent did not forward the papers to the insurer for several additional months, and a default judgment was entered against the defendant while the suit papers were being held by the agent. This Court found that the insurer suffered no prejudice.

[7] We emphasize that an insurer who knows of legal proceedings instituted against its insured, but nevertheless chooses to rest on its claim of noncoverage, faces a heavy burden in demonstrating prejudice from its insured's failure to comply with a notice provision.

believe that plaintiff overstates Allstate's ability to set aside the default judgment because it is far from certain that Allstate, standing in the shoes of plaintiff, could have established its entitlement to a new trial. As we stated in *Wendel, supra* at 476, "[o]ur Court has traditionally been strict on setting aside defaults once regularly entered" and such judgments have "generally been regarded as mandatory." MCR 2.603 provides that default may be set aside within twenty-one days after entry of the default.[8] The record indicates that Allstate had no knowledge of the suit until three months after the default judgment was entered. Consequently, Allstate's only recourse toward setting aside the judgment was a motion under MCR 2.612, which requires extraordinary circumstances not in existence here. Therefore, the resulting prejudice suffered by Allstate is clear.

We hold that plaintiff's failure to comply with the notice-of-suit provision under *either* policy prejudiced Allstate, thus releasing Allstate from any obligation of

---

[8] This fact distinguishes this case from our decision in *Wendel, supra,* where this Court found that an insurer had not been materially prejudiced even though it did not receive notice of the underlying suit until after a default judgment had entered against the insured. In the context of the law as it existed at that time, the delay in notice was not materially prejudicial because there was little impediment to setting the default judgment aside. The insured had forwarded the suit papers to the insurer's agent within three months of entry of the default judgment. Unlike the twenty-one-day limit currently provided by MCR 2.603(2)(b), the court rule in effect at the time *Wendel* was decided, GCR 1963, 520.4, provided a four-month limit for setting aside a default. This Court's opinion in *Wendel* turned on (1) the notion that trial courts generally were liberal in setting aside default judgments when a motion to do so was made within four months of entry of the judgment, and (2) the insurance company had received notice in time to move for relief within the four-month limit. Hence, in *Wendel,* unlike the instant case, the delay did not prejudice the insurer because the notice was given in time to have the default judgment set aside with relative ease.

coverage. We therefore reverse the decision of the Court of Appeals and remand the case to the trial court for entry of final judgment in favor of defendant-appellant Allstate.

MALLETT, C.J., and CAVANAGH, BOYLE, WEAVER, KELLY, and TAYLOR, JJ., concurred with BRICKLEY, J.