BRADLEY v STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

Docket No. 292716. Submitted September 15, 2010, at Lansing. Decided
September 28, 2010, at 9:00 a.m.

Stephanie M. Bradley brought an action in the St. Clair Circuit
Court against State Farm Mutual Automobile Insurance Com-
pany, the insurer of her automobile, alleging breach of contract
resulting from State Farm's refusal to settle plaintiff's claim for
uninsured-motorist benefits under her policy. Plaintiff had been
injured in an accident that occurred when her vehicle was
struck by a vehicle that was driven by William Bowen, III, and
owned by Sandra Bowen. After the accident, plaintiff had
originally brought an action against William and Sandra, but it
was determined during discovery that William was specifically
excluded as a driver under Sandra's automobile insurance
policy because he was charged with stealing Sandra's vehicle.
Sandra was then dismissed from that action. William, who was
uninsured, failed to defend, and a default judgment for $50,000
was entered against William after the court determined that
plaintiff had suffered a serious impairment of a body function,
following which plaintiff brought the present action. State Farm
moved for summary disposition, arguing that plaintiff had
breached her contract by failing to join William and Sandra as
parties, which was required by the provision in the policy that
mandated joinder of all tortfeasors in any suit brought against
State Farm under the policy. The trial court, Daniel J. Kelly, J.,
agreed with State Farm and granted its motion. Plaintiff
appealed.

The Court of Appeals *held*:

1. Although the Supreme Court held in *Rory v Continental
Ins Co*, 473 Mich 457 (2005), that an unambiguous provision in
an uninsured-motorist policy must be enforced as written, *Rory*
did not overrule the holding in *Koski v Allstate Ins Co*, 456 Mich
439 (1998), that an insurer that seeks to cut off responsibility on
the ground that its insured did not comply with a contract
provision requiring notice must establish actual prejudice to its
position. The *Koski* principle is equally applicable to an analo-

gous provision requiring the joinder of all tortfeasors in any suit brought against the insurer by the insured. State Farm's subrogation rights will not be prejudiced by allowing this suit to be litigated.

2. The insurance policy provided that State Farm would not be bound by any judgment obtained without its consent or by any default judgment against any person other than State Farm. Therefore, plaintiff was contractually precluded from contending that the default judgment against William entitled her to collect certain sums from State Farm in uninsured-motorist benefits. Plaintiff may not rely on the prior suit against William and Sandra, and in this case she must still prove her tort case in relation to the accident, including establishing that she suffered a serious impairment of a body function.

Reversed and remanded.

HOEKSTRA, J., dissenting, noted that the joinder provision in the insurance policy required plaintiff to join State Farm, William Bowen, and Sandra Bowen in a lawsuit seeking uninsured-motor-vehicle benefits. The provision is unambiguous and must be enforced as written. *Rory* required the enforcement of unambiguous contract provisions as written unless the provisions violated law or public policy or one of the traditional contract defenses applied. While agreeing that *Rory* did not overrule the specific legal principle stated in *Koski* that required a showing of prejudice, Judge HOEKSTRA disagreed with the majority's decision to require defendant to show prejudice. Prejudice is not a traditional contract defense, and the joinder provision in the policy contained no prejudice exception.

INSURANCE — UNINSURED-MOTORIST BENEFITS — ACTIONS — JOINDER OF TORT-FEASORS — PREJUDICE.

An unambiguous provision in an uninsured-motorist policy must be enforced as written, regardless of the equities and reasonableness of the provision; an insurer must establish actual prejudice to its position, however, in order to cut off its responsibility under an uninsured-motorist policy provision that requires the joinder of all tortfeasors in any suit brought against the insurer by the insured on the basis that the insured failed to comply with the joinder provision.

*Daniel Randazzo* for plaintiff.

*James C. Rabaut & Associates* (by *Steven A. Kohler*) for defendant.

Before: MURPHY, C.J., and HOEKSTRA and STEPHENS, JJ.

MURPHY, C.J. In this action involving uninsured-motorist benefits, plaintiff appeals as of right the trial court's order granting summary disposition in favor of defendant pursuant to MCR 2.116(C)(10). We reverse. This case has been decided without oral argument pursuant to MCR 7.214(E).

Plaintiff was injured in a car accident on March 8, 2007, in St. Clair County, Michigan. Plaintiff's vehicle was struck on the passenger side by a vehicle driven by an uninsured motorist, William Bowen, III (hereafter referred to as "Bowen"). As a result of the accident, plaintiff sustained multiple injuries.

Before filing the instant action against defendant, the insurer of her vehicle, plaintiff filed a complaint on June 18, 2007, against Bowen as the driver of the car that caused the collision and Sandra Kay Bowen as the owner of that car. AIG was the insurer of Sandra Bowen's vehicle. The prior complaint alleged that Bowen was driving the car with Sandra Bowen's knowledge and consent. However, it was determined during the discovery process that Bowen was specifically excluded as a driver under the AIG policy because he was charged with stealing the vehicle. Sandra Bowen was thereafter dismissed from that suit.

Bowen failed to defend against the prior lawsuit and, following testimony, a default judgment was entered against him. The trial court in the prior action took testimony from plaintiff and determined that she had suffered a serious impairment of body function. The default judgment was for $50,000 and was entered May 12, 2008.

Thereafter, plaintiff unsuccessfully attempted to settle with defendant, her insurance company, following entry of the default judgment in the 2007 lawsuit. Plaintiff claimed that she was entitled to recover benefits under an uninsured-motor-vehicle provision in her policy. The policy limit for uninsured-motorist benefits was $25,000. When defendant refused to settle, plaintiff filed the instant complaint, claiming breach of contract.

Defendant moved for summary disposition, arguing that plaintiff had breached the contract by failing to join Bowen and Sandra Bowen as parties, given their statuses as driver and owner, respectively, or to join defendant in the prior lawsuit, which was required in order for plaintiff to recover benefits under the policy. The trial court agreed and granted summary disposition in favor of defendant pursuant to MCR 2.116(C)(10), determining that plaintiff breached the contract when she failed to follow the unambiguous language of the policy that required joinder of all tortfeasors in the suit brought against defendant. Accordingly, plaintiff was not entitled to uninsured-motorist benefits.

On appeal, plaintiff presents myriad arguments in support of reversal, but we need only address plaintiff's contention that, essentially, defendant incurred no prejudice by her failure to join Bowen and Sandra Bowen as party defendants.

This Court reviews de novo the grant or denial of a motion for summary disposition. *Brown v Brown*, 478 Mich 545, 551; 739 NW2d 313 (2007). When reviewing a motion brought under MCR 2.116(C)(10), this Court considers the pleadings, admissions, and other evidence submitted by the parties in a light most favorable to the nonmoving party. *Brown*, 478 Mich at 551-552. A decision granting summary disposition is appropriate if

there is no genuine issue of any material fact and the moving party is entitled to judgment as a matter of law. *Id.* at 552.

Because uninsured-motorist coverage is not statutorily mandated, the language of the insurance policy governs the conditions of coverage. *Stoddard v Citizens Ins Co of America*, 249 Mich App 457, 460; 643 NW2d 265 (2002). The interpretation of an insurance contract, including resolution of whether an ambiguity exists in the contract, is a question of law that is reviewed de novo on appeal. *Wilkie v Auto-Owners Ins Co*, 469 Mich 41, 47; 664 NW2d 776 (2003). The language in the insurance contract is given its plain and ordinary meaning if apparent to a reader of the instrument. *Id.* at 47-48.

Plaintiff argues that the language in the insurance contract requiring joinder of any tortfeasors reflects an attempt to protect defendant's subrogation rights, but plaintiff's act of procuring a default judgment, as opposed to a settlement agreement with a release, in an amount that exceeded the policy limit did not infringe defendant's subrogation rights; defendant can still recover against Bowen. This argument necessarily acknowledges that plaintiff failed to comply with the joinder provision, but because defendant suffered no prejudice from the failure to join, defendant should not be relieved of liability to provide uninsured-motorist benefits to plaintiff, who had paid premiums for that coverage.

In *Koski v Allstate Ins Co*, 456 Mich 439, 444; 572 NW2d 636 (1998), our Supreme Court indicated that, generally speaking, one who files suit for performance of a contractual obligation must prove that all contractual conditions prerequisite to performance have been satisfied. However, the Court continued by stating that

"it is a well-established principle that an insurer who seeks to cut off responsibility on the ground that its insured did not comply with a contract provision requiring notice immediately or within a reasonable time must establish actual prejudice to its position." *Id.*; see also *Tenneco Inc v Amerisure Mut Ins Co*, 281 Mich App 429, 447-448; 761 NW2d 846 (2008).

Although we are not specifically addressing a notice provision, the joinder provision here served a comparable purpose, which was to give defendant the opportunity to protect its financial interests by exercising investigatory, defense, and subrogation rights. We conclude that the *Koski* principle is equally applicable to an analogous joinder provision; there is no valid distinguishing reason not to apply *Koski*. We acknowledge our Supreme Court's decision in *Rory v Continental Ins Co*, 473 Mich 457, 461; 703 NW2d 23 (2005), wherein the Court held that an unambiguous provision in an uninsured-motorist policy must be enforced as written regardless of the equities and reasonableness of the provision. However, *Koski* carved out a narrow prejudice requirement relative to all insurance contracts, and *Rory* did not overrule the Supreme Court's earlier ruling in *Koski*, which we find controlling.[1]

With respect to subrogation, the insurance policy provided: "If *we* are obligated under this policy to make payment to or for a *person* who has a legal right to

---

[1] The dissent disagrees that defendant should be required to show prejudice, asserting that *Rory* controls given that it is the latest pronouncement of our Supreme Court concerning construction of an insurance policy. *Rory*, however, did not examine the prejudice principle discussed in *Koski*. Moreover, *Tenneco*, 281 Mich App at 447-448, which was decided in 2008 and after *Rory* was issued, and which constitutes binding precedent, acknowledged the continuing application of *Koski*. The *Tenneco* panel also cited additional, earlier Michigan Supreme Court precedent supporting imposition of a prejudice requirement. *Id.* at 448.

collect from another party, then *we* will be subrogated to that right to the extent of *our* payment."

Subrogation rights can be acquired by way of contractual assignment or under principles of equity. *Citizens Ins Co of America v Buck*, 216 Mich App 217, 226; 548 NW2d 680 (1996). Here, defendant can subrogate itself with respect to plaintiff's right to enforce the $50,000 default judgment against Bowen, at least up to the policy limit of $25,000, and attempt collection from Bowen if defendant becomes obligated, through litigation or settlement, to pay benefits to plaintiff. Bowen was not released from liability. Whether Bowen is ultimately collectible is irrelevant, given that the same problem would exist even had Bowen, Sandra Bowen, and defendant been joined in a lawsuit. And $50,000 is more than enough to cover defendant's potential liability to plaintiff, considering that the policy limit for uninsured-motorist benefits was $25,000. Accordingly, defendant's subrogation rights will not be prejudiced by allowing the instant suit to be litigated.

With respect to defendant's right to defend, defendant maintains that entry of the default judgment resulted in the loss of an opportunity to challenge the elements of plaintiff's tort action, which thereby precludes defendant from challenging its liability under the insurance policy. Defendant's argument lacks merit. The insurance policy provides that defendant is not bound by any "judgment obtained without [defendant's] written consent," nor is it bound by any "default judgment against any *person* . . . other than [defendant]." Therefore, plaintiff is contractually precluded from contending that the default judgment entitles her to collect certain sums from defendant in uninsured-motorist benefits. Regardless of the default judgment, and in the context of this insurance action, plaintiff will

still have to prove her tort case in relation to the accident, including establishing that she suffered a serious impairment of a body function, an issue now controlled by *McCormick v Carrier*, 487 Mich 180, 184; 795 NW2d 517 (2010), overruling *Kreiner v Fischer*, 471 Mich 109; 683 NW2d 611 (2004).

The doctrine of collateral estoppel does not apply here because defendant did not have any opportunity, let alone a full, fair, and adequate opportunity, to litigate the issues of negligence and serious impairment of body function, given plaintiff's conduct in failing to join defendant in the first suit as called for by the insurance policy. *Monat v State Farm Ins Co*, 469 Mich 679, 682-683 & n 2; 677 NW2d 843 (2004).

Plaintiff cannot simply rely on the prior suit that led to the default judgment; the case effectively starts from scratch. Under those circumstances, defendant will not be deprived of its right to defend and thus will not be prejudiced by our allowing the instant suit to be litigated.

In light of our holding, it is unnecessary to address the additional arguments presented by plaintiff.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction. Having fully prevailed on appeal, plaintiff is awarded taxable costs pursuant to MCR 7.219.

STEPHENS, J., concurred.

HOEKSTRA, J. (*dissenting*). Because I disagree with the majority's conclusion that defendant is required to show prejudice from plaintiff's failure to join defendant in a lawsuit with Sandra Bowen and William Bowen, III, I respectfully dissent.

This Court is obligated to follow the most recent pronouncement of the Supreme Court on a principle of

law. *Washington Mut Bank, FA v ShoreBank Corp*, 267 Mich App 111, 119; 703 NW2d 486 (2005). The Supreme Court's most recent pronouncement on how an insurance policy is to be construed is found in *Rory v Continental Ins Co*, 473 Mich 457; 703 NW2d 23 (2005). Pursuant to *Rory*, an insurance policy is subject to the same rules of contract construction that apply to other species of contract. *Id.* at 461. The rules of contract construction provide that an unambiguous contract provision is to be enforced as written unless the provision violates law or public policy or one of the traditional contract defenses applies. *Id.* at 461, 468, 470.

Plaintiff's insurance policy includes uninsured-motor-vehicle coverage. Because such coverage is not required by the no-fault act, MCL 500.3101 *et seq.*, the rights and limitations of that coverage are purely contractual. *Rory*, 473 Mich at 465-466. The provision for uninsured-motor-vehicle coverage in plaintiff's insurance policy requires that if the parties are unable to agree about whether plaintiff is legally entitled to collect compensatory damages from the owner or driver of an uninsured motor vehicle or the amount of those damages, plaintiff "shall . . . file a lawsuit" against defendant, the owner and the driver of the uninsured motor vehicle, and any third party who may be liable for plaintiff's injuries. The term "shall" denotes mandatory conduct. *Nuculovic v Hill*, 287 Mich App 58, 62; 783 NW2d 124 (2010). This joinder provision is unambiguous; it required plaintiff to join defendant, Sandra Bowen, and William Bowen, III, in a lawsuit seeking uninsured-motor-vehicle benefits. Because the joinder provision is unambiguous, it must be enforced as written. *Rory*, 473 Mich at 461.[1]

---

[1] I find no merit to plaintiff's argument that certain elements of the provision for uninsured-motor-vehicle coverage violate public policy.

I agree with the majority that *Rory* did not overrule the specific legal principle stated in *Koski v Allstate Ins Co*, 456 Mich 439, 444; 572 NW2d 636 (1998), that "an insurer who seeks to cut off responsibility on the ground that its insured did not comply with a contract provision requiring notice immediately or within a reasonable time must establish actual prejudice to its position." "[T]o overrule is to declare that a rule of law no longer has precedential value." *Sumner v Gen Motors Corp (On Remand)*, 245 Mich App 653, 665; 633 NW2d 1 (2001); see also Black's Law Dictionary (7th ed) (defining "overrule" as "to overturn or set aside (a precedent) by expressly deciding that it should no longer be controlling law"). In *Rory*, the Supreme Court did not address whether, and consequently did not declare that, the prejudice principle stated in *Koski* was no longer a controlling legal principle.

Nonetheless, I disagree with the majority's decision to require defendant to show prejudice from plaintiff's failure to comply with the joinder provision. Prejudice is not a traditional contract defense. See *Rory*, 473 Mich at 470 n 23 ("Examples of traditional defenses include duress, waiver, estoppel, fraud, or unconscionability."). Moreover, this Court is mandated to enforce an unambiguous contractual provision as written. *Id.* at 461. The majority, by requiring defendant to show prejudice from plaintiff's failure to comply with the joinder provision, fails to enforce the joinder provision as written.

First, the provision does not strip plaintiff of her right to a jury trial because it expressly provides that if the parties are unable to reach an agreement regarding uninsured-motor-vehicle benefits, plaintiff must file a lawsuit. Second, while the provision states that defendant is not bound by any judgment obtained without its written consent, this would clearly not pertain to a judgment obtained directly against defendant itself as a party to a lawsuit. I also find no merit to plaintiff's argument that the insurance policy is an unconscionable adhesion contract.

The joinder provision contains no prejudice exception. With its decision to apply the prejudice principle stated in *Koski* to the joinder provision, the majority fails to follow the Supreme Court's most recent pronouncement on how to construe an insurance policy.[2]

Because plaintiff did not join defendant in a lawsuit with Sandra Bowen and William Bowen, III, plaintiff failed to comply with the unambiguous terms of her insurance policy. For this reason, I would affirm the trial court's order granting summary disposition to defendant.

---

[2] I acknowledge that in *Tenneco Inc v Amerisure Mut Ins Co*, 281 Mich App 429; 761 NW2d 846 (2008), this Court applied the prejudice principle of *Koski*. Ultimately, however, the Court concluded that the defendant insurance company was prejudiced by the plaintiff's failure to provide prompt notice of suits, claims, or demands. Thus, there was no reason for the Court to address whether *Koski* and its prejudice principle remained binding precedent. Indeed, the Court never cited *Rory*, and it did not address the effect of *Rory* on the prejudice principle stated in *Koski*. In this context, while *Tenneco* is binding precedent, MCR 7.215(C)(2), *Tenneco* is not controlling on the question presented in this case.