DeFRAIN v STATE FARM MUTUAL INSURANCE COMPANY

Docket No. 294505. Submitted March 1, 2011, at Detroit. Decided March
10, 2011, at 9:05 a.m.

Nancy J. DeFrain, personal representative of the estate of William
DeFrain, deceased, brought an action in the Wayne Circuit Court
against State Farm Mutual Automobile Insurance Company, seek-
ing uninsured-motorist coverage through an insurance policy with
State Farm for injuries received by William when, while a pedes-
trian, he was struck by a hit-and-run driver. The accident occurred
on May 31, 2008. William notified State Farm of the accident on
August 25, 2008. On November 11, 2008, William died as a result
of his injuries. State Farm brought a motion for summary dispo-
sition, alleging that it was relieved from contractual liability under
the policy because of William's failure to timely comply with the
provision in the policy that required an insured to report an
accident involving a hit-and-run motor vehicle to State Farm
within 30 days of the accident. The court, Gershwin A. Drain, J.,
denied the motion for summary disposition on the basis that State
Farm had failed to show prejudice resulting from the failure to
comply with the notice provision. State Farm appealed by leave
granted.

The Court of Appeals *held*:

Because uninsured-motorist benefits are not required by stat-
ute, interpretation of the policy dictates under what circumstances
the benefits will be awarded. It is a well-established principle that
an insurer who seeks to cut off responsibility on the ground that
its insured did not comply with a contract provision requiring
notice immediately or within a reasonable time must establish
actual prejudice to its position. The same actual-prejudice require-
ment applies to the 30-day notice provision in this case. The order
denying State Farm's motion for summary disposition is affirmed.

Affirmed.

INSURANCE — UNINSURED-MOTORIST BENEFITS — ACTIONS — PREJUDICE.

An unambiguous provision in an uninsured-motorist policy must be
enforced as written, regardless of the equities and reasonableness
of the provision; an insurer must establish actual prejudice to its

position, however, in order to cut off its responsibility under an uninsured-motorist policy provision that requires the insured to report an accident involving a hit-and-run motor vehicle to the police within 24 hours and to the insurer within 30 days when the insured has failed to timely comply with the notice provision.

*Drazin & Associates, P.L.L.C.* (by *Robert S. Drazin*), for plaintiff.

*Conlin, McKenney & Philbrick, P.C.* (by *W. Daniel Troyka* and *Andrew D. Sugerman*), for defendant.

Before: MURPHY, C.J., and STEPHENS and M. J. KELLY, JJ.

MURPHY, C.J. Defendant, State Farm Mutual Automobile Insurance Company, appealed by leave granted the trial court's order denying its motion for summary disposition. This case arose out of a hit-and-run accident that resulted in the death of William DeFrain, who had uninsured-motorist (UIM) coverage through an insurance policy with State Farm. The dispute before us concerns Mr. DeFrain's failure to timely comply with a provision in the policy that required an insured to report an accident involving a hit-and-run motor vehicle to State Farm within 30 days. In *Koski v Allstate Ins Co*, 456 Mich 439; 572 NW2d 636 (1998), our Supreme Court held that an insurer had to establish actual prejudice before it could be relieved from contractual liability under an insurance policy, when the insured had failed to timely comply with a notice provision contained in the policy that constituted a condition precedent to insurer liability. Because we conclude that *Koski* applies here, and because we agree with the trial court that State Farm failed to establish actual prejudice as a matter of law, we affirm the trial court's order denying State Farm's motion for summary disposition.

On May 31, 2008, Mr. DeFrain was a pedestrian when he was struck by a hit-and-run driver and sustained severe head injuries. He first notified State Farm of the accident on August 25, 2008. On November 11, 2008, Mr. DeFrain died as a result of his injuries. His State Farm policy had provided for UIM benefits.[1] Pursuant to the policy, a person making a claim for UIM benefits "must report an accident, involving a 'hit-and-run' motor vehicle to the police within 24 hours and to *us* within 30 days . . . ." As indicated, Mr. DeFrain failed to timely comply with the 30-day notice provision.[2] The policy also had language requiring a claimant to notify State Farm of a UIM claim and to give it "all the details about the death, injury, treatment, and other information that [State Farm] may need *as soon as reasonably possible* after the injured **insured** is first examined or treated for the injury." (Emphasis in italics added.) The trial court denied State Farm's motion for summary disposition, noting the existence of an ambiguity when reading the 30-day notice provision in conjunction with the provision calling for a claimant to provide State Farm with notice of a claim and medical details as soon as reasonably possible.

We find it unnecessary to decide the issue whether the trial court erred by finding an ambiguity, because the trial court also ruled that "I don't really see any real prejudice here, so I am accordingly going to deny [State Farm's] motion for summary disposition and that's my decision." One of the arguments on appeal proffered by plaintiff in support of affirming the trial court's denial

---

[1] There is no indication in the record that Mr. DeFrain had failed to pay his premiums on the policy that had provided the UIM coverage.

[2] At oral argument, plaintiff's counsel indicated, without dispute from State Farm's counsel, that Mr. DeFrain underwent brain surgery after the accident and was in intensive care throughout the 30-day notice period. This fact does not play a role in our analysis and holding.

of State Farm's motion for summary disposition is that State Farm did not show any prejudice that resulted from the failure to comply with the 30-day notice provision. We agree. Indeed, State Farm makes no argument that it suffered any prejudice as a result of the delay.

In *Jackson v State Farm Mut Auto Ins Co*, 472 Mich 942 (2005), our Supreme Court, in lieu of granting leave to appeal, vacated a judgment entered by this Court and reinstated an order of summary dismissal entered by the trial court "for the reasons stated in the Court of Appeals dissent." As revealed in this Court's opinion in *Jackson*, the injured insured failed to comply with a similar 30-day notice provision with respect to a claim for UIM benefits after being injured in a hit-and-run accident. *Jackson v State Farm Mut Auto Ins Co*, unpublished opinion per curiam of the Court of Appeals, issued October 5, 2004 (Docket No. 246388). The majority found the existence of an ambiguity in the policy and held that the trial court erred by granting State Farm's motion for summary disposition. *Id.* at 1. In light of its holding, the Court found it unnecessary to address the plaintiff's argument that the notice provision was enforceable only if State Farm could prove prejudice. *Id.* at 4. The dissent, however, addressed the prejudice issue and rejected the argument that prejudice had to be established. The dissent found that *Wendel v Swanberg*, 384 Mich 468; 185 NW2d 348 (1971), which was cited by the plaintiff in support of the prejudice argument, was "distinguishable on the basis that it d[id] not involve a condition precedent to the filing of an action against an insurer, but, rather, when reasonable notice of a pending lawsuit is given to the insurance carrier." *Jackson*, unpub op at 4 (GRIFFIN, J., dissenting). The dissent also stated that "the present

case d[id] not involve any statutory obligations; instead, it entail[ed] a matter of contractual interpretation." *Id.*

We initially note that "because uninsured motorist benefits are not required by statute, interpretation of the policy dictates under what circumstances those benefits will be awarded." *Rohlman v Hawkeye-Security Ins Co,* 442 Mich 520, 525; 502 NW2d 310 (1993). Here, on the prejudice issue, plaintiff also cites *Wendel,* which was distinguished and rejected in the *Jackson* dissent adopted by the Supreme Court. However, plaintiff also cites *Koski,* 456 Mich 439, which concerned the interpretation and application of a homeowner's insurance policy. Under the policy, in the event of an accident or claim, the insured was required to immediately forward to Allstate any legal papers received by the insured concerning the accident or claim (the notice-of-suit provision). The Court stated, "plaintiff's duty to immediately forward any legal papers relating to a claim is a *condition precedent* to Allstate's liability under [the] policy." *Id.* at 444 (emphasis added). Thus, the two grounds cited by the dissent in *Jackson* for distinguishing *Wendel* and rejecting application of a prejudice requirement, i.e., the 30-day hit-and-run notice provision was a condition precedent to liability and the provision entailed a matter of contractual interpretation and not statutory obligations, were both present in *Koski,* i.e., the notice-of-suit provision was a condition precedent to liability and the provision entailed a matter of contractual interpretation and not statutory obligations. Therefore, *Jackson* squarely stands in direct conflict with *Koski.* The *Koski* Court ruled that "it is a well-established principle that an insurer who seeks to cut off responsibility on the ground that its insured did not comply with a contract provision requiring notice immediately or within a reasonable time *must establish actual prejudice to its position.*" *Koski,* 456

Mich at 444 (emphasis added). We find that *Jackson* is of questionable and limited value because it did not address *Koski*, which apparently was not argued there, and which constitutes binding precedent that we are not free to disregard.

The 30-day notice provision here did not require notice immediately or within a reasonable time, but there is no reason why the actual-prejudice requirement from *Koski* would not apply because of that distinction. The well-established prejudice principle from *Koski* is offended and essentially discarded by not applying it in the case at bar, and *Koski* is a fully developed and reasoned opinion on the subject of prejudice in the context of insurance law, whereas the Supreme Court's order in *Jackson* is merely a cursory order. The proposition that we should give more weight to a Supreme Court opinion than to a Supreme Court order, aside from being self-evident, is reflected in how the Supreme Court itself has at times treated its own orders. For example, in *Mullins v St Joseph Mercy Hosp*, 271 Mich App 503, 506; 722 NW2d 666 (2006), rev'd 480 Mich 948 (2007), this Court ruled that a prior Supreme Court opinion had to be applied retroactively where "the Michigan Supreme Court ha[d] plainly and unambiguously expressed its intent that the decision . . . applie[d] retroactively" in *three consecutive orders*. However, the Supreme Court reversed this Court's ruling, holding that its earlier opinion was not fully retroactive despite the fact that it had issued three orders commanding retroactive application, and the Court did not even bother to discuss stare decisis in ignoring and essentially overruling its prior orders. 480 Mich 948.

Finally, we note this Court's decision in *Bradley v State Farm Mut Auto Ins Co*, 290 Mich App 156; 810 NW2d 836 (2010), wherein we applied the *Koski* preju-

dice requirement when the plaintiff failed to join State Farm and the tortfeasors in a suit as required by the UIM benefits provision of the insurance policy. We held that "because defendant suffered no prejudice from the failure to join, defendant should not be relieved of liability to provide uninsured-motorist benefits to plaintiff, who had paid premiums for that coverage." *Id.* at 160. The *Bradley* panel also discussed *Rory v Continental Ins Co*, 473 Mich 457, 461; 703 NW2d 23 (2005), in which the Supreme Court held that an unambiguous provision in a UIM policy must be enforced as written regardless of the equities and the provision's reasonableness. The majority opinion in *Bradley* stated that "*Koski* carved out a narrow prejudice requirement relative to all insurance contracts, and *Rory* did not overrule the Supreme Court's earlier ruling in *Koski*, which we find controlling." *Bradley*, 290 Mich App at 161. The Court, *id.* at 161 n 1, further observed:

> The dissent disagrees that defendant should be required to show prejudice, asserting that *Rory* controls . . . . *Rory*, however, did not examine the prejudice principle discussed in *Koski*. Moreover, *Tenneco* [*v Amerisure Mut Ins Co*, 281 Mich App 429, 447-448; 761 NW2d 846 (2008)], which was decided in 2008 and after *Rory* was issued, and which constitutes binding precedent, acknowledged the continuing application of *Koski*. The *Tenneco* panel also cited additional, earlier Michigan Supreme Court precedent supporting imposition of a prejudice requirement. *Id.* at 448.

In sum, we hold that, regardless of the order in *Jackson*, *Koski* demands that we affirm the trial court's order denying State Farm's motion for summary disposition.

Affirmed. Plaintiff, as the prevailing party, is awarded costs pursuant to MCR 7.219.