**Lansing, Michigan**

# Opinion

Chief Justice:    Justices:

Robert P. Young, Jr.    Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra

FILED MAY 30, 2012

S T A T E   O F   M I C H I G A N

SUPREME COURT

NANCY JANE DeFRAIN, Personal
Representative of the ESTATE OF
WILLIAM DeFRAIN,

      Plaintiff-Appellee,

v                                            No. 142956

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Defendant-Appellant.

BEFORE THE ENTIRE BENCH

ZAHRA, J.

This case involves a policy for uninsured-motorist (UM) coverage issued by

defendant, State Farm Mutual Automobile Insurance Company, containing a 30-day

notice provision regarding hit-and-run motor vehicle claims. We hold that an

unambiguous notice-of-claim provision setting forth a specified period within which

notice must be provided is enforceable without a showing that the failure to comply with

the provision prejudiced the insurer. Therefore, State Farm properly denied the claim for

UM benefits sought in the instant case because it did not receive timely notice, a condition precedent to the policy's enforcement. This conclusion is consistent with our decisions in *Jackson v State Farm Mutual Automobile Insurance Company*[1] and *Rory v Continental Insurance Company*,[2] both of which the Court of Appeals was bound to follow. The Court of Appeals erred by disregarding this controlling authority in favor of an earlier decision, *Koski v Allstate Insurance Company*,[3] wherein this Court held that a claimant's failure to comply with a notice-of-suit provision contained in a homeowner's insurance policy requiring notice immediately or within a reasonable time precluded an award of UM benefits only if the insurer established actual prejudice to its position. The Court of Appeals failed to recognize the critical ways in which *Koski* is distinguishable from the instant case. Accordingly, we reverse the judgment of the Court of Appeals and remand the case to the trial court for entry of summary disposition in favor of State Farm.

## I. FACTS AND PROCEDURAL HISTORY

On May 31, 2008, a hit-and-run driver ran his vehicle into a pedestrian, William DeFrain (DeFrain), who sustained severe head injuries as a result of the collision. At the time, DeFrain maintained an insurance policy for UM coverage with State Farm. The policy required a claimant to notify State Farm of a claim for UM benefits and provide "all the details about the death, injury, treatment, and other information that [State Farm] may need *as soon as reasonably possible* after the injured insured is first examined or

---

[1] *Jackson v State Farm Mut Auto Ins Co*, 472 Mich 942 (2005).

[2] *Rory v Continental Ins Co*, 473 Mich 457; 703 NW2d 23 (2005).

[3] *Koski v Allstate Ins Co*, 456 Mich 439, 444; 572 NW2d 636 (1998).

treated for the injury."[4]  The policy also contained a provision pertaining specifically to hit-and-run accidents, requiring a claimant seeking UM benefits to report the accident "to the police within 24 hours and to [State Farm] within 30 days[.]"  It is undisputed that State Farm did not receive notice that DeFrain had been the victim of a hit-and-run accident until August 25, 2008, which was after the 30-day notice period had lapsed.

DeFrain filed a complaint seeking UM benefits on October 8, 2008.  Tragically, DeFrain died from his injuries on November 11, 2008, at which time plaintiff Nancy DeFrain (plaintiff) became the personal representative of his estate.  On March 30, 2009, plaintiff filed an amended complaint.  State Farm moved for summary disposition on July 15, 2009, arguing that the failure to comply with the 30-day notice provision applicable to hit-and-run cases required dismissal of plaintiff's complaint.  State Farm relied on this Court's order in *Jackson*, which had vacated the judgment of the Court of Appeals and reinstated the order of the trial court "for the reasons stated in the Court of Appeals dissent" in a case addressing a notice-of-claim provision virtually identical to the provision in the instant policy.[5]  Specifically, the Court of Appeals dissent in *Jackson* had concluded that the notice-of-claim provision was unambiguous and enforceable without a showing of prejudice to the insurer.

Despite *Jackson*, plaintiff maintained that the notice-of-claim provision in the instant policy was ambiguous regarding when and from whom notice was required and was enforceable only upon a showing that the failure to comply with the provision

---

[4] Emphasis altered.

[5] *Jackson*, 472 Mich 942.

prejudiced State Farm. The trial court agreed with plaintiff. It denied State Farm's motion for summary disposition because it concluded that the 30-day notice provision contained an ambiguity and there was no evidence that the failure to comply with the provision prejudiced State Farm.

State Farm filed an interlocutory application for leave to appeal in the Court of Appeals, as well as a motion for preemptory reversal, again relying on this Court's order in *Jackson*. The Court of Appeals granted the application and subsequently stayed further proceedings.

The Court of Appeals issued an opinion affirming the trial court's order denying State Farm's motion for summary disposition.[6] According to the panel, the 30-day notice provision did not preclude plaintiff's claim because there had been no showing that the failure to comply with the provision prejudiced State Farm.[7] Although the panel acknowledged that this Court had rejected the prejudice requirement by order in *Jackson*, it relied on an earlier opinion, *Koski*, wherein this Court held that "an insurer who seeks to cut off responsibility on the ground that its insured did not comply with a contract provision requiring notice immediately or within a reasonable time *must establish actual prejudice to its position*."[8] Despite its recognition that "*Jackson* squarely stands in direct conflict with *Koski*,"[9] the Court of Appeals stated, "We find that *Jackson* is of

[6] *DeFrain v State Farm Mut Auto Ins Co*, 291 Mich App 713; 809 NW2d 601 (2011).

[7] *Id*. at 715-719.

[8] *Koski*, 456 Mich at 444 (emphasis added).

[9] *DeFrain*, 291 Mich App at 717.

4

questionable and limited value because it did not address *Koski*, which apparently was not argued there, and which constitutes binding precedent that we are not free to disregard."[10] It described *Koski* as "a fully developed and reasoned opinion on the subject of prejudice in the context of insurance law" and *Jackson* as "merely a cursory order."[11]

The panel also relied on the Court of Appeals' decision in *Bradley v State Farm Mutual Automobile Insurance Company*,[12] which had applied the prejudice requirement from *Koski* to conclude that the plaintiff's failure to comply with an insurance policy's joinder provision did not preclude an award of UM benefits. Although acknowledging *Rory* and the axiom that unambiguous contract provisions must be enforced as written, the *Bradley* panel took the position that "*Koski* carved out a narrow prejudice requirement relative to all insurance contracts, and *Rory* did not overrule the Supreme Court's earlier ruling in *Koski*, which we find controlling."[13] Relying on *Bradley*, the instant Court of Appeals panel stated, "Regardless of the order in *Jackson*, *Koski* demands that we affirm the trial court's order denying State Farm's motion for summary disposition."[14] The panel did not address whether the trial court erred by finding the notice provision ambiguous and affirmed solely on the basis that State Farm had failed to

---

[10] *Id.* at 718.

[11] *Id.*

[12] *Bradley v State Farm Mut Auto Ins Co*, 290 Mich App 156; 810 NW2d 386 (2010).

[13] *Id.* at 161.

[14] *DeFrain*, 291 Mich App at 719.

5

show that it suffered prejudice because of the claimant's failure to provide timely notice.[15]

State Farm applied for leave to appeal in this Court, seeking reversal of the Court of Appeals' decision and a remand to the trial court for dismissal of plaintiff's claim with prejudice. We ordered oral argument on whether to grant the application or take other action and instructed the parties to "address whether this case is controlled by *Jackson . . .* and whether the 30-day notice requirement regarding hit-and-run accidents in [State Farm's] policy is enforceable without a showing of prejudice to [State Farm] due to the claimant's failure to comply with the provision."[16]

## II. STANDARD OF REVIEW

A trial court's decision on a motion for summary disposition is reviewed de novo.[17] In reviewing the motion, we view the pleadings, affidavits, depositions, admissions, and other admissible evidence in the light most favorable to the nonmoving party.[18] In addition, the proper interpretation of contracts and the legal effect of contractual provisions are questions of law subject to review de novo.[19] We construe an insurance policy in the same manner as any other species of contract,[20] giving its terms

---

[15] *Id.* at 715-716.

[16] *DeFrain v State Farm Mut Auto Ins Co*, 490 Mich 870 (2011).

[17] *Rory*, 473 Mich at 464.

[18] *Id*.

[19] *McDonald v Farm Bureau Ins Co*, 480 Mich 191, 197; 747 NW2d 811 (2008).

[20] *Rory*, 473 Mich at 461; *Auto-Owners Ins Co v Churchman*, 440 Mich 560, 566; 489 NW2d 431 (1992).

their "ordinary and plain meaning if such would be apparent to a reader of the instrument."[21]

## III. ANALYSIS

The Court of Appeals' decision in this case necessitates clarification in the area of contract interpretation. The instant case requires us to interpret a policy for UM coverage issued by State Farm that includes a 30-day notice provision regarding hit-and-run motor vehicle claims.[22] Because providing UM coverage is optional and not statutorily mandated under the no-fault act, the policy language alone controls the circumstances entitling a claimant to an award of benefits.[23] Having reviewed the language of the instant policy, as well as the relevant authority, we hold that an unambiguous notice-of-claim provision setting forth a specified time within which notice must be provided is enforceable without a showing that the failure to comply with the provision prejudiced the insurer. In reading a prejudice requirement into the notice provision where none existed, the Court of Appeals disregarded controlling authority laid down by this Court and frustrated the parties' right to contract freely.

---

[21] *Wilkie v Auto-Owners Ins Co*, 469 Mich 41, 47; 664 NW2d 776 (2003).

[22] The policy also contains a more general provision requiring a claimant to notify State Farm of a claim for UM benefits and provide details concerning the incident "as soon as reasonably possible." The settled rule regarding statutory construction is that a specific statutory provision controls over a related but more general statutory provision. *In re Haley*, 476 Mich 180, 198; 720 NW2d 246 (2006). The same is true with regard to contract provisions. Because plaintiff is seeking benefits in connection with a hit-and-run accident, the specific provision pertaining to hit-and-run accidents that requires notice to State Farm within 30 days is controlling.

[23] *Rohlman v Hawkeye-Security Ins Co*, 442 Mich 520, 525; 502 NW2d 310 (1993).

## A. *JACKSON v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY* IS INDISTINGUISHABLE FROM THIS CASE

We begin our analysis with *Jackson*, a case involving a policy for UM coverage containing a provision requiring a claimant to report a hit-and-run accident to State Farm within 30 days as a condition precedent to the receipt of benefits, which is virtually identical to the provision in the instant policy.[24] As in this case, the parties in *Jackson* did not dispute the complainant's failure to provide timely notice. The Court of Appeals majority determined that the notice provision was unenforceable because it contained an ambiguity regarding who was responsible for providing the notice.[25] Accordingly, the majority found it unnecessary to address whether the notice provision was enforceable if State Farm could not prove actual prejudice.[26] Judge RICHARD ALLEN GRIFFIN dissented. Having first concluded that the notice provision contained no ambiguity, he rejected the argument that the notice provision was enforceable only if State Farm could prove actual prejudice.[27] In his view, the plain and unambiguous terms of the contract precluded the claimant's request for UM benefits because she had failed to provide timely notice, a condition precedent to the contract's enforcement.[28] Subsequently, this Court issued an

---

[24] *Jackson v State Farm Mut Auto Ins Co*, unpublished opinion per curiam of the Court of Appeals, issued October 5, 2004 (Docket No. 246388). The policy in *Jackson* required a "person making [a] claim" under the UM coverage to "report a 'hit-and-run' accident to the police within 24-hours and to us within 30 days." *Id*. at 2-3 (emphasis omitted).

[25] *Id*. at 4.

[26] *Id*.

[27] *Id*. at 1-4 (GRIFFIN, J., dissenting).

[28] *Id*. at 4.

order vacating the judgment of the Court of Appeals and reinstating the order of the trial court "for the reasons stated in the Court of Appeals dissent."[29]

An order of this Court is binding precedent if it constitutes a final disposition of an application and contains a concise statement of the applicable facts and reasons for the decision.[30] These requirements derive from article 6, § 6, of our 1963 Constitution[31] and can be satisfied by referring to another opinion.[32] With regard to this Court's order in *Jackson*, the Court of Appeals dissent set forth the facts and legal analysis necessary to support the final disposition of the application. By referring to the Court of Appeals dissent, this Court adopted the applicable facts and reasons supplied by the dissenting judge as if they were its own. The order's reference to the Court of Appeals dissent was straightforward and clear, and the instant Court of Appeals panel had no difficulty understanding the order's directive. Indeed, the Court of Appeals panel acknowledged that this Court's order in *Jackson* rejected a prejudice requirement because the "30-day hit-and-run notice provision was a condition precedent to liability" and liability was a

---

[29] *Jackson*, 472 Mich 942.

[30] *People v Crall*, 444 Mich 463, 464 n 8; 510 NW2d 182 (1993); *Dykes v William Beaumont Hosp*, 246 Mich App 471, 483; 633 NW2d 440 (2001).

[31] Const 1963, art 6, § 6 provides:

> Decisions of the supreme court, including all decisions on prerogative writs, shall be in writing and shall contain a concise statement of the facts and reasons for each decision and reasons for each denial of leave to appeal. When a judge dissents in whole or in part he shall give in writing the reasons for his dissent.

[32] See *Wechsler v Wayne Co Rd Comm*, 215 Mich App 579, 591 n 8; 546 NW2d 690 (1996), remanded on other grounds 455 Mich 863 (1997).

matter of "contractual interpretation and not statutory obligations . . . ."[33] Because this Court's order in *Jackson* contained a concise statement of the facts and reasons supporting its decision and was a final disposition of an application, it constitutes binding precedent, and the Court of Appeals was not free to disregard the order in favor of an earlier opinion that it believed stood in direct conflict with *Jackson*.[34]

Having stated its belief that the *Jackson* order conflicted with an earlier opinion, the Court of Appeals erred by reasoning that it "should give more weight to a Supreme Court opinion than to a Supreme Court order" and that this proposition was somehow "reflected in how the Supreme Court itself has at times treated its own orders."[35] In support of this erroneous proposition, the instant panel relied on *Mullins v St Joseph Mercy Hospital*.[36] In *Mullins*, this Court did not give *Waltz v Wyse*[37] full retroactive effect[38] despite the fact that this Court had previously directed the Court of Appeals to give *Waltz* full retroactive effect in three consecutive orders.[39] While the Court of Appeals panel in the instant case was correct in its description of this Court's action in

---

[33] *DeFrain*, 291 Mich App at 717.

[34] As explained later in this opinion, the dissent in *Jackson*, which was ultimately adopted by this Court, merely distinguished *Koski* and cannot be interpreted as overruling *Koski*.

[35] *DeFrain*, 291 Mich App at 718.

[36] *Mullins v St Joseph Mercy Hosp*, 480 Mich 948.

[37] *Waltz v Wyse*, 469 Mich 642; 677 NW2d 813 (2004).

[38] *Mullins v St Joseph Mercy Hosp*, 480 Mich 948 (2007).

[39] *Wyatt v Oakwood Hosp & Med Ctrs*, 472 Mich 929 (2005); *Evans v Hallal*, 472 Mich 929 (2005); *Forsyth v Hopper*, 472 Mich 929 (2005).

*Mullins*,[40] the panel failed to consider its own limited authority as an intermediate appellate court. Although *this Court* has the authority to recant its positions, which it exercises only with great caution, an intermediate appellate court does not share that authority. Put simply, "how the Supreme Court itself has at times treated its own orders" neither reflects nor informs how the Court of Appeals should treat Supreme Court orders.[41] As explained previously, an order of this Court is binding precedent on the Court of Appeals if it constitutes a final disposition of an application and contains a concise statement of the applicable facts and reasons for the decision.[42]

## B. *RORY v CONTINENTAL INSURANCE COMPANY* GUIDES THE INTERPRETATION OF INSURANCE CONTRACTS

In addition to disregarding this Court's order in *Jackson*, the Court of Appeals also erred by failing to treat this Court's opinion in *Rory* as controlling. In *Rory*, the plaintiffs sought UM benefits pursuant to an automobile insurance policy with the defendant.[43] The defendant denied the claim because it had not been filed within one year after the accident, as the policy required.[44] The plaintiffs filed suit, contesting the denial of their

---

[40] This Court did, in fact, carve out part of *Waltz*'s retroactive effect after having issued three orders directing the Court of Appeals to give *Waltz* full retroactive effect. In *Waltz*, 469 Mich at 653-655, we expressly acknowledged that we had made a mistake in *Omelenchuk v City of Warren*, 461 Mich 567; 609 NW2d 177 (2000), which admission completely explains why we decided in *Mullins* not to give *Waltz* full retroactive effect.

[41] *DeFrain*, 291 Mich App at 718.

[42] *Crall*, 444 Mich at 464 n 8; *Dykes*, 246 Mich App at 483.

[43] *Rory*, 473 Mich at 461-462.

[44] *Id*. at 462.

claim.[45] The defendant moved for summary disposition, citing the provision in the policy precluding coverage of claims brought more than one year after the accident.[46] The trial court denied the defendant's motion, in part, because it determined that the one-year limitations period was "unreasonable" and its enforcement would be "'totally and patently unfair.'"[47] The Court of Appeals affirmed.[48]

This Court reversed the judgment of the Court of Appeals and delineated the narrow circumstances under which courts may refuse to enforce an unambiguous contract provision:

> [W]e hold than an unambiguous contractual provision providing for a shortened period of limitations is to be enforced as written unless the provision would violate law or public policy. A mere judicial assessment of "reasonableness" is an invalid basis upon which to refuse to enforce contractual provisions. Only recognized traditional contract defenses may be used to avoid the enforcement of the contract provision.[49]

Central to this Court's rationale was the right to contract freely. "When a court abrogates unambiguous contractual provisions based on its own independent assessment of 'reasonableness,' the court undermines the parties' freedom of contract."[50]

---

[45] *Id.*

[46] *Id.*

[47] *Id.* at 462-463.

[48] *Id.* at 463.

[49] *Id.* at 470.

[50] *Id.* at 468-469.

The circumstances under which a contract provision can be said to violate law or public policy are likewise narrow. As we stated in *Rory*, "In ascertaining the parameters of our public policy, we must look to 'policies that, in fact, have been adopted by the public through our various legal processes, and are reflected in our state and federal constitutions, our statutes, and the common law.'"[51] That a contract provision fails to comport with the personal predilections of the majority of the deciding tribunal about what is reasonable or fair does not make the provision violative of law or public policy.[52] Judicial notions of reasonableness are not "'clearly rooted in the law'" and are therefore not a valid basis for refusing to enforce an unambiguous contract provision.[53]

As with the *Jackson* order, the Court of Appeals was bound by *Rory*, which required it to enforce the 30-day notice provision as written unless doing so would violate the law or public policy or a traditional defense to the provision's enforcement. In this case, imposing a prejudice requirement did not comport with *Rory*. The notice provision, as written, does not support a prejudice requirement, and a lack of prejudice is not among the traditional defenses to the enforcement of a contract provision.

Plaintiff has failed to present persuasive arguments that enforcement of the provision violates the law or public policy. Specifically, we reject plaintiff's assertion that the order issued by the Commissioner of the Office of Financial and Insurance Services on April 4, 2006, has any bearing on this case. The order was issued in response

---

[51] *Id*. at 471, quoting *Terrien v Zwit*, 467 Mich 56, 66-67; 648 NW2d 602 (2002).

[52] *Rory*, 473 Mich at 470-471.

[53] *Id*., quoting *Terrien*, 467 Mich at 67.

to *Rory* and, in particular, the portion of the decision upholding a one-year limitations period in a policy for UM coverage. The commissioner's order requires UM policies in Michigan to contain a three-year limitations period. However, because the order refers only to limitations periods and says nothing about notice-of-claim provisions, the 30-day notice provision in the instant policy remains valid and enforceable.

We also reject plaintiff's assertion that enforcing the 30-day notice provision would violate MCL 500.3008. MCL 500.3008 requires liability insurance policies to provide that the failure to comply with a notice provision "shall not invalidate any claim made by the insured if it shall be shown not to have been reasonably possible to give such notice within the prescribed time and that notice was given as soon as was reasonably possible." Because, in our judgment, plaintiff has failed to show that it was not reasonably possible to provide notice within 30 days of the accident or that providing notice 86 days after the accident was as soon as reasonably possible, we believe that it is unnecessary to consider whether the instant policy contained a provision comporting with the statute.

C. *KOSKI v ALLSTATE INSURANCE COMPANY* IS DISTINGUISHABLE

The final issue we address is the Court of Appeals' reliance on *Koski*. In *Koski*, the plaintiff's minor daughter suffered serious injuries when her foot was caught under the wheels of the plaintiff's garden tractor.[54] The plaintiff's homeowner's insurance policy with the defendant contained a notice-of-suit provision requiring the plaintiff to immediately forward to the defendant any legal documents that he received concerning

---

[54] *Koski*, 456 Mich at 441.

any accident or claim against him.[55] Nonetheless, when the plaintiff's daughter, through her mother, filed a tort action against the plaintiff, the plaintiff failed to promptly notify the defendant of the lawsuit.[56] In this case, the Court of Appeals panel correctly stated the holding in *Kosksi* "that an insurer who seeks to cut off responsibility on the ground that its insured did not comply with a contract provision requiring notice immediately or within a reasonable time must establish actual prejudice to its position."[57] It failed, however, to recognize the critical ways in which *Koski* is distinguishable from the instant case. And although the court cited *Bradley* as authority for treating *Koski* as controlling, the *Bradley* decision was itself erroneous.

The critical distinction between this case and *Koski* lies in the language of the contractual provisions at issue. *Koski* involved a contractual provision that required the insured to "immediately forward [to the insurer] any legal papers" relating to the accident, whereas the instant case involves a contractual provision requiring the insured to notify State Farm within 30 days of the accident.[58] The holding in *Koski* imposed a prejudice requirement only on contractual provisions "requiring notice immediately or within a reasonable time."[59] The Court did not purport to impose a prejudice requirement on contractual provisions requiring notice within a specified time such as 30 days. There

---

[55] *Id*. at 441-442.

[56] *Id*. at 442.

[57] *Id*. at 444.

[58] *Id*.

[59] *Id.*

15

is an obvious distinction between a contract provision requiring notice "immediately" or "within a reasonable time," which are temporally imprecise terms, and one that requires notice "within 30 days," which could not be clearer. Thus, contrary to the suggestion in *Bradley*, and the rule preferred by the dissent, the prejudice requirement of *Koski* does not apply to *all* contracts.[60] To the extent that *Bradley* improperly extended *Koski*, it is hereby overruled.

## IV. CONCLUSION

Not only is *Koski* distinguishable from the instant case, but imposing a prejudice requirement here would be inconsistent with this Court's ruling in *Rory*. Under *Rory*, "an unambiguous contractual provision . . . is to be enforced as written," and "[a] mere judicial assessment of 'reasonableness' is an invalid basis upon which to refuse to enforce contractual provisions."[61] Consistently with *Rory*, this Court's order in *Jackson* clearly applied to this action. In this case, the policy unambiguously required DeFrain or someone acting on his behalf to notify State Farm about the hit-and-run accident within

---

[60] The dissent notes that "a vast majority of jurisdictions have imposed some form of a prejudice requirement in determining whether to enforce a condition precedent in an insurance contract." *Post* at 2 n 1. If the dissent means to suggest that our position today places Michigan in the minority in this regard, then it is incorrect. Today, we do not disturb the holding in *Koski* that "an insurer who seeks to cut off responsibility on the ground that its insured did not comply with a contract provision requiring notice *immediately or within a reasonable time* must establish actual prejudice to its position." *Koski*, 456 Mich at 444 (emphasis added). We simply refuse to extend the prejudice requirement of *Koski* to notice provisions setting forth a specified time (e.g., 30 days) within which notice must be provided. Rather, we choose to enforce unambiguous contracts as written, pursuant to *Rory*.

[61] *Rory*, 473 Mich at 470.

30 days of its occurrence. Whether the failure to comply with the provision prejudiced State Farm is irrelevant. Thus, the Court of Appeals erred by affirming the trial court's denial of State Farm's motion for summary disposition on the ground that "State Farm did not show any prejudice that resulted from the failure to comply with the 30-day notice provision."[62] State Farm was entitled to summary disposition because a condition precedent to the policy's enforcement was not satisfied. For the foregoing reasons, we reverse the judgment of the Court of Appeals and remand the case to the trial court for entry of summary disposition in favor of State Farm.

<div style="text-align: right">

Brian K. Zahra
Robert P. Young, Jr.
Stephen J. Markman
Mary Beth Kelly

</div>

---

[62] *DeFrain*, 291 Mich App at 715-716.

STATE OF MICHIGAN

SUPREME COURT

NANCY JANE DeFRAIN, Personal
Representative of the ESTATE OF
WILLIAM DeFRAIN,

       Plaintiff-Appellee,

v                                 No. 142956

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

       Defendant-Appellant.

_____

CAVANAGH, J. (*dissenting*).

At issue in this case is whether a defendant-insurer may disclaim liability as a result of a plaintiff-insured's failure to timely comply with an uninsured-motorist insurance policy provision requiring notice within 30 days of an accident involving a hit-and-run motor vehicle. I agree with the Court of Appeals that *Koski v Allstate Ins Co*, 456 Mich 439; 572 NW2d 636 (1998), should control in this case. Specifically, I would hold that an insurer that seeks to relieve itself from responsibility on the ground that its insured did not strictly comply with a contractual notice provision must establish actual prejudice to its position. Because defendant has failed to explain how it was prejudiced by plaintiff's untimely notice as a matter of law, I would affirm the judgment of the Court of Appeals, which affirmed the trial court's order denying defendant's motion for summary disposition.

In *Koski*, this Court considered the analogous situation of whether a defendant-insurer could disclaim liability as a result of a plaintiff-insured's failure to comply with a notice-of-suit provision in a homeowner's policy. Specifically, *Koski* involved an insurance policy that required the insured, as a condition precedent to the insurer's liability, to "immediately" forward to the insurer any legal papers received concerning any accident or claim. *Id.* at 441 n 1, 444. This Court explained that "[o]rdinarily, one who sues for performance of a contractual obligation must prove that all contractual conditions prerequisite to performance have been satisfied." *Id.* at 444. Nevertheless, this Court unanimously reaffirmed the "well-established principle" of this state that "an insurer who seeks to cut off responsibility on the ground that its insured did not comply with a contract provision requiring notice immediately or within a reasonable time must establish actual prejudice to its position." *Id.*, citing *Weller v Cummins*, 330 Mich 286; 47 NW2d 612 (1951), and *Wendel v Swanberg*, 384 Mich 468; 185 NW2d 348 (1971);[1]

---

[1] Notably, *Koski*'s rule is not an outlier position, as a vast majority of jurisdictions have imposed some form of a prejudice requirement in determining whether to enforce a condition precedent in an insurance contract. See, e.g., *Arrowood Indemnity Co v King*, 304 Conn 179, 203; 39 A3d 712 (2012) (joining the "overwhelming majority" of jurisdictions that require insurers to establish prejudice); *PAJ, Inc v Hanover Ins Co*, 243 SW3d 630, 633-634 (Tex, 2008) (noting that most jurisdictions presented with the issue have adopted a "notice-prejudice rule" in some form, consistently with the modern trend); *Prince George's Co v Local Gov't Ins Trust*, 388 Md 162, 182-183; 879 A2d 81 (2005) (citing authorities that indicate that a vast majority of states have adopted a prejudice requirement and noting that 38 states, including Michigan, have adopted a "prejudice rule" whereas only 6 states have maintained a traditional "no prejudice rule"); *State Auto Mut Ins Co v Youler*, 183 W Va 556, 562; 396 SE2d 737 (1990) (explaining that the "majority of the precedents . . . do not allow a denial of uninsured or underinsured motorist coverage for delayed notice of the accident to the insurer unless the delay was unreasonable, considering, among other things, whether the insurer was prejudiced, and the insurer bears the burden of proving prejudice"); *Ouellette v Maine Bonding & Cas Co*, 495 A2d 1232, 1234-1235 (Me, 1985) (following the "modern trend"

2

see, also, *Weller*, 330 Mich at 292-293 (explaining that in *Kennedy v Dashner*, 319 Mich 491; 30 NW2d 46 [1947], this Court applied the above principles in the context of an automobile insurance policy requiring notice of an accident or claim "'as soon as practicable'").

I agree with the Court of Appeals that there is no persuasive reason to conclude that *Koski* should not apply in this context simply because this case involves a specific period in which notice was required, rather than a provision requiring notice "immediately," "as soon as practicable," or within a "reasonable time." As *Koski* and other jurisdictions have recognized, a purpose of requiring notice of an accident is to "'give the insurance company knowledge of the accident so that it can make a timely investigation in order to protect its interests.'" *Koski*, 456 Mich at 444, quoting *Weller*, 330 Mich at 293; see, also, *Brakeman v Potomac Ins Co*, 472 Pa 66, 74; 371 A2d 193 (1977); *State Auto Mut Ins Co v Youler*, 183 W Va 556, 561; 396 SE2d 737 (1990). Because the function of the notice provision is to protect the insurance company from prejudice, it follows that if the insurance company has not been harmed by untimely notice the rationale behind the notice condition in the policy is unsupported, regardless of whether the policy required notice within a specific amount of time or a reasonable time. See *Brakeman*, 472 Pa at 75.[2]

---

of requiring an insurer to show that it was prejudiced by an insured's delay in providing notice in order to escape liability).

[2] Notably, I am not alone in reaching this conclusion. Other jurisdictions have mandated a showing of prejudice for similar provisions requiring notice or other action within a specific time, such as 30 days, to be enforceable. See, e.g., *Washington Ins Guaranty Ass'n v Hill*, 19 Wash App 195, 196-197; 574 P2d 405 (1978) (applying a prejudice

3

Accordingly, I agree with those jurisdictions that have concluded that, given the function of the notice provision, there is no persuasive justification for excusing an insurer from its obligations under an insurance policy in the absence of prejudice. See *Prince George's Co v Local Gov't Ins Trust*, 388 Md 162, 183-184; 879 A2d 81 (2005). I would apply that proposition in this context. To strictly enforce notice provisions in the absence of prejudice to the insurer would amount to a forfeiture for the insured and provide a windfall to the insurer by way of a "technical escape-hatch," contrary to the function of the contract's notice requirement. *Brakeman*, 472 Pa at 75, quoting *Miller v Marcantel*, 221 So 2d 557, 559 (La App, 1969); see, also, *Prince George's Co*, 388 Md at 186. Thus, I agree with those authorities that have opined that coverage should not be lost in cases in which there is a "dearth of evidence as to the effect of the late notice . . . ." *Youler*, 183 W Va at 563 (quotation marks and citation omitted). Accordingly, I would affirm the decision of the Court of Appeals to apply *Koski* in this context.[3]

---

requirement to an insurance policy requiring a statement under oath within 30 days, and noting precedent that applied a prejudice requirement to an insurance policy requiring notice of an accident within 60 days); *Colangelo v Bankers & Shippers Ins Co of New York*, 185 NJ Super 205, 210-211; 447 A2d 1356 (1982) (rejecting a defendant's claim that the insured's failure to file a statement under oath within the time provided in an insurance policy prohibited coverage as a matter of law, explaining that the question to be resolved was whether the insurer established that it had suffered appreciable prejudice).

[3] The majority spends a considerable amount of its analysis explaining why it believes the Court of Appeals erred by disregarding the majority's peremptory order in *Jackson v State Farm Mut Auto Ins Co*, 472 Mich 942 (2005), and failing to consider its "limited authority as an intermediate appellate court." *Ante* at 11. Regardless of whether *Jackson* is or is not binding precedent, I continue to disagree with the majority's decision in *Jackson* to reverse for the reasons stated by the Court of Appeals dissent—a dissent that, notably, did not even address, let alone "distinguish," *Koski*. Further, I question whether it is necessary to determine if *Jackson* is controlling, given the majority's conclusion that

4

Finally, it bears mentioning that I generally agree that clear and unambiguous insurance policies should be applied as written. *Rory v Continental Ins Co*, 473 Mich 457, 512-513; 703 NW2d 23 (2005) (CAVANAGH, J., dissenting). However, I decline to ignore the unique character of insurance policies, which, although in the form of a contract, are in actuality "a product prepared and packaged by the insurer" without "negotiation or explanation of the scope of the coverage." *Wilkie v Auto-Owners Ins Co*, 469 Mich 41, 68-69; 664 NW2d 776 (2003) (CAVANAGH, J., dissenting) (quotation marks and citations omitted).[4] An approach requiring adherence to the parties' purported "freedom of contract" stems from, in my view, the fiction that the contractual term was

the Court of Appeals erred by failing to abide by the majority opinion in *Rory v Continental Ins Co*, 473 Mich 457; 703 NW2d 23 (2005).

[4] As Justice LEVIN observed, in the typical insurance agreement

> "[t]here is no meeting of the minds except regarding the broad outlines of the transaction, the insurer's desire to sell a policy and the insured's desire to buy a policy of insurance for a designated price and period of insurance to cover loss arising from particular perils . . . . The details (definitions, exceptions, exclusions, conditions) are generally not discussed and rarely negotiated.
>
> "The policyholder can, of course, be said to have agreed to whatever the policy says—in that sense his mind met with that of the insurer. Such an analysis may not violate the letter of the concept that a written contract expresses the substance of a meeting of minds, but it does violate the spirit of that concept.
>
> "To be sure, contract law principles are not confined by the concept of a 'meeting of the minds'. Nevertheless, a point is reached when the label 'contract' ceases to fully and accurately describe the relationship of the parties and the nature of the transaction between insurer and insured." [*Rory*, 473 Mich at 514 n 1 (CAVANAGH, J., dissenting), quoting *Lotoszinski v State Farm Mut Auto Ins Co*, 417 Mich 1, 14 n 1; 331 NW2d 467 (1982) (LEVIN, J., dissenting) (alteration in original).]

truly bargained for and ignores the reality of how insurance policies normally come into existence. *Rory*, 473 Mich at 514-515 (CAVANAGH, J., dissenting). I believe that the analysis should embrace, rather than discount, this reality. See *Brakeman*, 472 Pa at 72-73. I would not turn a blind eye to the manner in which the insurance industry operates and discount the effects of encouraging insurers to include technical escape hatches to preclude coverage at the expense of unwary injured citizens. *Rory*, 473 Mich at 516 (CAVANAGH, J., dissenting). Accordingly, I respectfully dissent.

<div style="margin-left:50%">

Michael F. Cavanagh
Marilyn Kelly
Diane M. Hathaway

</div>