# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 8, 2017

154026

Stephen J. Markman,
Chief Justice

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder
Elizabeth T. Clement,
Justices

ATLANTIC CASUALTY INSURANCE
COMPANY,
          Plaintiff-Appellant,

v

GARY GUSTAFSON,
          Defendant-Appellee,
and

ANDREW AHO,
          Defendant.

SC: 154026
COA: 325739
Ontonagon CC: 2014-000055-CK

_____/

On November 7, 2017, the Court heard oral argument on the application for leave to appeal the May 26, 2016 judgment of the Court of Appeals. On order of the Court, the application is again considered, and it is DENIED, there being no majority in favor of granting leave to appeal or taking other action.

MARKMAN, C.J. (*dissenting*).

I agree with Justice WILDER's dissenting statement to the extent it would reverse the judgment of the Court of Appeals. As Justice WILDER observes, that Court erred by concluding that the term "any property owner" was ambiguous without ever showing that the term was "equally susceptible to more than a single meaning." *Barton-Spencer v Farm Bureau Life Ins Co of Mich*, 500 Mich 32, 40 (2017). However, I would reinstate the trial court's order granting plaintiff's motion for summary disposition rather than remand for further proceedings. In my judgment, the term is unambiguous and when read in context the trial court's interpretation sets forth the most reasonable meaning.

A true ambiguity rarely occurs because "a diligent application of the rules of interpretation will normally yield a 'better,' albeit perhaps imperfect, interpretation" of the term at issue. *Nat'l Pride at Work v Governor*, 481 Mich 56, 80 n 21 (2008) (quotation marks and citation omitted). As the trial court held, when "any property owner" is read in the context of the commercial general liability policy at issue, it is best understood as referring to any owner of property having a connection to the commercial

project. *Wilkie v Auto-Owners*, 469 Mich 41, 50 n 11 (2003) (noting that contracts are read as a whole); *Griffith v State Farm Mut Auto Ins Co*, 472 Mich 521, 533 (2005) (explaining that the associated-words canon "is premised on the notion that the meaning of statutory language, plain or not, depends on context") (quotation marks and citation omitted). The Court of Appeals restricted "any property owner" to only those individuals who had a *commercial* interest in being on the worksite. Such a restriction is overly narrow in the context of this policy exclusion, which broadly excludes "*any* property owner." And interpreting "any property owner" to include *anyone anywhere* who owns any sort of property similarly overlooks the necessary context of the term. For these reasons, I would reinstate the trial court's order granting summary disposition to plaintiff.

ZAHRA, J., would grant leave to appeal.

WILDER, J. (*dissenting*).

I dissent from the order denying leave to appeal. Instead, I would reverse the judgment of the Court of Appeals and remand for further proceedings. The lower courts erred by concluding that the phrase "any property owner" contained in plaintiff's insurance policy was ambiguous, resorting to various tools of construction in order to reach the conclusion that the plain language of the policy exclusion could not possibly mean what it so obviously says. In my opinion, the phrase "any property owner" is clear, is unambiguous, and should be enforced as written. Insurance policies are construed using the same contractual construction principles that apply to any other species of contract. *DeFrain v State Farm Mut Auto Ins Co*, 491 Mich 359, 367 (2012); *Rory v Continental Ins Co*, 473 Mich 457, 461 (2005). The Court's primary obligation when interpreting a contract is to give effect to the parties' intent at the time they entered into the contract. *Innovation Ventures v Liquid Mfg*, 499 Mich 491, 507 (2016). If a contractual provision is unambiguous, then courts must interpret and enforce the provision *as written*, unless the provision as written would violate the law or public policy. *Rory*, 473 Mich at 469-470.

A contractual term is ambiguous when the term "is equally susceptible to more than a single meaning." *Barton-Spencer v Farm Bureau*, 500 Mich 32, 40 (2017). Of interest, neither the trial court nor the Court of Appeals concluded that the plain and ordinary meaning of "any property owner" was equally susceptible to more than one meaning. Rather, interpreting "any property owner" to mean something less than "any property owner" was deemed necessary in order to avoid rendering the policy provision illusory, a result deemed unreasonable or absurd. However, this Court has emphatically stated that "[j]udicial notions of reasonableness are not clearly rooted in the law and are therefore not a valid basis for refusing to enforce an unambiguous contract provision." *DeFrain*, 491 Mich at 373 (quotation marks and citations omitted). See also *Rory*, 473

Mich at 468 ("Courts enforce contracts according to their unambiguous terms because doing so respects the freedom of individuals freely to arrange their affairs via contract."). I would apply the clear and unambiguous precedent of this Court and reverse and remand for enforcement of the plain language of the policy provision drafted by plaintiff.

In summary, I would conclude that the lower courts erred by failing to give the phrase "any property owner" its plain and ordinary meaning. Accordingly, I dissent from the order denying leave to appeal. I would instead reverse the judgment of the Court of Appeals and remand for further proceedings.

CLEMENT, J., did not participate.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 8, 2017



Clerk

a1205