# STATE OF MICHIGAN

# COURT OF APPEALS

CHARLES E. ROSS,

   Plaintiff-Appellant,

and

VITAL COMMUNITY CARE, ADVANCED
PAIN SPECIALISTS, PLLC, SPECTRA
CLINICAL LAB, GET WELL MEDICAL
TRANSPORT, AFFILIATED DIAGNOSTICS OF
OAKLAND, LLC,

   Intervening Plaintiffs,

v

AUTO-OWNERS INSURANCE COMPANY,

   Defendant-Appellee.

UNPUBLISHED
December 4, 2018

No. 339005
Wayne Circuit Court
LC No. 15-016084-CK

Before: JANSEN, P.J., and K. F. KELLY and BORRELLO, JJ.

JANSEN, P.J. (*concurring in part and dissenting in part*).

Because I would have affirmed the trial court's grant of summary disposition in favor of defendant as to plaintiff's wage loss claim only, I respectfully dissent solely on that basis.

The majority correctly identifies the issue in this matter as whether the trial court correctly determined that a genuine issue of material fact remained regarding whether plaintiff was employed by BMT, Inc. ("BMT") on November 23, 2014, the date of the auto accident in question. In my view, the testimony of Cecil Clark, plaintiff's employer, was clear that as of the end of October 2014, plaintiff no longer worked for BMT. Plaintiff had not been fired, nor had he taken a leave of absence. Rather, plaintiff stopped coming to work. Clark testified that he was certain plaintiff was no longer working for BMT as of November 2014 because plaintiff was not present at the annual all-company Thanksgiving dinner that year. Clark did not hear from plaintiff again until sometime in 2015, when plaintiff called Clark to inquire as to whether Clark was "still up for business."

The only testimony advanced by plaintiff to rebut defendant's position that plaintiff had fraudulently misrepresented his dates of employment was his own testimony and affidavit. Plaintiff claimed that he was still working for Clark and BMT at the time of the accident and that it is possible that Clark "may not have seen me much because my hours varied, and, also, I was away from the bar doing the party buses; it was a very busy time of year." Plaintiff claims that he did a lot of "managing" for BMT, was responsible for opening and closing Chita's Nefertiti Bar and Grill, taking inventory, ordering liquor and beer for the party bus, and taking orders for the party bus. Plaintiff does not provide any other evidence supporting his position that he was employed by BMT at the time of the accident or performed the aforementioned duties: no paystubs; no cancelled checks; no bank statements; and no other witness testimony indicating that plaintiff was still working at BMT as of November 23, 2014, and what his job duties were.[1] In my view, if plaintiff's testimony is taken as true, given his responsibilities in "management," performing opening and closing duties, and doing inventory and ordering, it would have been impossible for Clark to not see plaintiff, or at least have some minimal interaction with plaintiff. Accordingly, because a plaintiff's self-serving testimony is insufficient to create a question of material fact when the record evidence blatantly contradicts that self-serving testimony, I would conclude that the trial court should have granted summary disposition in favor of defendant as to plaintiff's claim for lost wages. *Fuhr v Trinity Health Corp.*, 495 Mich 869; 837 NW2d 275 (2013) (adopting the reasoning of the dissenting opinion in *Fuhr v Trinity Health Corp.*, unpublished per curiam opinion of the Court of Appeals, issued April 16, 2013 (Docket No. 309877), p 6).[2]

However, I agree with the majority as to the remainder of plaintiff's claims. There was no evidence to suggest that plaintiff made any other material misrepresentations regarding expenses actually incurred. For that reason, I would reverse the trial court's grant of summary disposition as to all claims except plaintiff's claim for lost wages, and would remand for further proceedings.

/s/ Kathleen Jansen

---

[1] Plaintiff did attach his 1099 forms for 2013 and 2014 to his answer to defendant's motion for summary disposition. However, the 1099 does not indicate during what months plaintiff worked for BMT.

[2] See *DeFrain v State Farm Mut Auto Ins Co*, 491 Mich 359, 369-370; 817 NW2d 504 (2012) (explaining that an order issued by the Michigan Supreme Court that adopts the dissenting opinion in the Court of Appeals constitutes binding precedent).