On May 7, 2019, the Court heard oral argument on the application for leave to appeal the February 27, 2018 judgment of the Court of Appeals. On order of the Court, the application is again considered. MCR 7.305(H)(1). In lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals, which held that summary disposition for the defendant was proper because the plaintiff was not entitled to coverage under the insurance policy's uninsured motor vehicle provision as a matter of law. See MCR 2.116(C)(10). We REMAND this case to the St. Clair Circuit Court for further proceedings not inconsistent with this order.
 

 Uninsured motorist coverage is not statutorily mandated and, therefore, the terms of the contract control whether a claimant is entitled to benefits.
 
 DeFrain v. State Farm
 
 ,
 
 491 Mich. 359
 
 , 367,
 
 817 N.W.2d 504
 
 (2012). We review de novo the interpretation of an insurance contract.
 
 Twichel v. MIC Gen. Ins. Corp.
 
 ,
 
 469 Mich. 524
 
 , 533,
 
 676 N.W.2d 616
 
 (2004). "An insurance policy is enforced in accordance with its terms. Where a term is not defined in the policy, it is accorded its commonly understood
 meaning."
 
 Id.
 
 at 534,
 
 676 N.W.2d 616
 
 . "In determining what a typical layperson would understand a particular term to mean, it is customary to turn to dictionary definitions."
 
 Mich. Millers Mut. Ins. Co. v. Bronson Plating Co.
 
 ,
 
 445 Mich. 558
 
 , 568,
 
 519 N.W.2d 864
 
 (1994), rev'd on other grounds by
 
 Wilkie v. Auto-Owners Ins. Co.
 
 ,
 
 469 Mich. 41
 
 ,
 
 664 N.W.2d 776
 
 (2003). Only "[w]here ambiguity is found" will a court "construe the term in the manner most favorable to the insured."
 
 Id.
 
 at 567,
 
 519 N.W.2d 864
 
 .
 

 The defendant's policy insuring Tri-Hospital Emergency Medical Services Corporation for the period of September 1, 2014 to September 1, 2015 includes the following in its definition of an "uninsured motor vehicle" in Paragraph (3), Subparagraph (d), of Section F, "Additional definitions":
 

 "[A] land motor vehicle or 'trailer'
 

 * * *
 

 d. [t]hat is a hit-and-run vehicle and neither the driver nor [the] owner can be identified. The vehicle must hit, or cause an object to hit, an "insured", a covered "auto" or a vehicle an "insured" is "occupying". If there is no direct physical contact with the hit-and-run vehicle, the facts of the "accident" must be corroborated by competent evidence, other than the testimony of any person having a claim under this or any similar insurance as the result of such "accident".
 

 The Court of Appeals erred by concluding that the unidentified truck in this case did not "cause[ ] an object to hit the insured ambulance" when the ambulance hit the drywall left in the road by the truck.
 
 Drouillard v. American Alternative Ins. Corp.
 
 ,
 
 323 Mich. App. 212
 
 , 222-223,
 
 916 N.W.2d 844
 
 (2018). According to the Court of Appeals, the ambulance hit the object, and not vice versa, because the drywall in this case lay "stationary [in the road] at the time of the accident ...."
 

 Id.
 

 at 223
 
 ,
 
 916 N.W.2d 844
 
 . Neither party disputes that the drywall left the bed of the truck; that the drywall came to rest in the road; and that, shortly thereafter, the ambulance collided with the drywall as the drywall lay stationary in the road. Using the commonly understood meaning of the provision's terms, see
 
 Twichel
 
 , 469 Mich. at 534,
 
 676 N.W.2d 616
 
 , one way of triggering coverage under the provision is for an unidentified vehicle to cause an object to come in contact with a covered auto. See
 
 Merriam-Webster's Collegiate Dictionary
 
 (11th ed.) (defining "hit" as "to come in contact with < the ball [hit] the window>"). See also
 
 Merriam-Webster's Dictionary and Thesaurus
 
 (2007) (defining "hit" as "to make or bring into contact: collide"). That is exactly what happened when the unidentified vehicle in this case lost its load in the path of the oncoming ambulance. By depositing the drywall directly in the path of an oncoming vehicle, the unidentified vehicle caused the drywall to come in contact with the oncoming vehicle. Thus, whether the drywall was moving or was stationary at the time of the contact is not dispositive.
 

 We disagree with the defendant and the dissenting statement that coverage is precluded because the drywall was stationary when the collision occurred. The dissenting statement wants to reframe the issue as a theoretical semantic one, asking whether a stationary object can be said to "hit" a moving one. But in doing so, the dissenting statement fails to apply the ordinary meaning of the term "hit" or to interpret it in the context in which it appears in the policy provision at issue.
 
 [1]
 
 As discussed
 above, we believe the pertinent inquiry under the policy is whether a vehicle that has lost its load in a roadway, thereby placing a stationary object in the path of a moving vehicle, can be said to have caused the stationary object to come in contact with the moving vehicle. When the question is properly framed, the answer is straightforward: depositing drywall directly in the path of an oncoming vehicle is sufficient to cause it to come in contact with that vehicle. Accordingly, the phrase "cause an object to hit" does not preclude coverage under the uninsured motor vehicle provision in this case merely because the drywall was stationary at the time of the accident.
 

 Our conclusion is further supported by the presence of the word "hit" in both scenarios in which a hit-and-run accident may give rise to uninsured motorist benefits as prescribed in the second sentence of Subparagraph (d)-when an unidentified vehicle has "hit" a covered auto and when an unidentified vehicle has "cause[d] an object to hit" a covered auto.
 
 [2]
 
 The defendant concedes that, when the term "hit" appears for the first time in the second sentence, its meaning does not depend on whether the unidentified vehicle "hits" the insured vehicle, or vice versa, so long as the vehicles come into contact with each other. The defendant nevertheless argues that, when the term appears for the second time in the same sentence, coverage is available only if the object "hits" the insured vehicle, but not if the insured vehicle "hits" the object.
 
 [3]
 
 Because Subparagraph (d) does not distinguish between "hit" in circumstances involving a collision between vehicles and "hit" in circumstances involving a collision between an object and a vehicle, the defendant's argument is belied by the principle recognized in our Court that "[i]dentical language should certainly receive identical construction when found in the same act."
 
 [4]
 

 Empire Iron Mining Partnership v. Orhanen
 
 ,
 
 455 Mich. 410
 
 , 426 n. 16,
 
 565 N.W.2d 844
 
 (1997) (quotation marks and citation omitted).
 

 The dissenting statement's reference to hammers and nails, fists and noses, and golf clubs and balls does not add clarity because the word "hit" has a different meaning in those contexts than it does in the context of the policy provision in this case. As it pertains to hammers and nails (or fists and noses), the word "hit" is defined as "to deal a blow or stroke to:
 
 Hit the nail with the hammer.
 
 " Dictionary.com, <
 
 https://www.dictionary.com/browse/hit#
 
 > (accessed July 3, 2019) [https://perma.cc/CUC7-QDKV]. See also
 
 Merriam-Webster's Collegiate Dictionary
 
 (11th ed.) (defining "hit" in this context as "to deliver (as a blow) by action"). As it pertains to golf clubs and balls, the word "hit" means "to strike (as a ball) with an object (as a bat, club, or racket) ...."
 

 Id.
 

 We choose the contextually appropriate ordinary meaning. See
 
 In re Erwin
 
 ,
 
 503 Mich. 1
 
 , 33 n. 15,
 
 921 N.W.2d 308
 
 (2018) ( Viviano , J., dissenting).
 

 The dissenting statement's disapproval of this method of construction is misguided. The sole issue before us was and is construction of Subparagraph (d), and we must therefore consider the meaning of the same word used elsewhere in the same sentence of the policy, regardless of whether a party has raised or disputed that specific construction argument.
 

 See Michigan Supreme Court, Oral Arguments in
 
 Drouillard v. American Alternative Ins. Corp.
 
 <
 
 https://www.youtube.com/watch?v=OGXiXCaoEaY
 
 > at 20:19-22:33 (accessed July 3, 2019).
 

 We believe this principle applies equally to contract interpretation and probably with even more force here, where the same word is used not just in the same policy or provision of the policy, but in the same sentence. See
 
 Twichel
 
 , 469 Mich. at 534,
 
 676 N.W.2d 616
 
 .