*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KRISTOFER WILLIAMS,

        Plaintiff-Appellant,

v

AIG PROPERTY CASUALTY COMPANY,

        Defendant-Appellee.

UNPUBLISHED
March 07, 2025
3:00 PM

No. 368797
Oakland Circuit Court
LC No. 2022-196809-CK

Before: MURRAY, P.J., and K. F. KELLY and D. H. SAWYER[*], JJ.

PER CURIAM.

In this declaratory-judgment action, plaintiff appeals by right the trial court's order granting summary disposition in favor of defendant. Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

This case arises out of an all-terrain vehicle ("ATV") accident on May 24, 2020, during which Kenneth Slaven II was driving an ATV owned by his stepfather, Daniel Stern, while intoxicated. Plaintiff was a passenger and injured his arm when the ATV rolled over. Slaven did not have explicit permission to use the ATV and was supposed to ask Daniel for permission before using the ATV.

Daniel and Slaven's mother, Amy Stern, had homeowner's and umbrella liability insurance policies through defendant. The policies define an insured person, in relevant part, as "any person given permission by you or a family member to use a vehicle or watercraft covered under this policy with respect to their legal responsibility arising out of its use." After the ATV accident, plaintiff filed a claim with defendant, alleging that Slaven's negligent operation of the ATV caused his injury and was covered by the Sterns' policies.

---

[*] Former Court of Appeals Judge, sitting on the Court of Appeals by Assignment.

Plaintiff subsequently filed a complaint in which he sought a declaratory judgment that defendant was obligated to defend Slaven in any lawsuit brought by plaintiff related to the May 24, 2020 accident as well as provide liability coverage according to the Sterns' policies. Defendant moved for summary disposition under MCR 2.116(C)(10), arguing there was no issue of material fact that Slaven was not covered by the policies provided by defendant because the ATV was driven without permission. The trial court agreed and granted defendant's motion for summary disposition, concluding that there was no genuine issue of material fact that Slaven did not have permission to use the ATV. This appeal followed.

## II. STANDARDS OF REVIEW

A trial court's decision on a motion for summary disposition is reviewed de novo. *El-Khalil v Oakwood Healthcare Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). Interpretation of a contract and the legal effect of its provisions are also reviewed de novo. *DeFrain v State Farm Mut Auto Ins Co*, 491 Mich 359, 366-367; 817 NW2d 504 (2012).

A motion under MCR 2.116(C)(10) examines the factual sufficiency of a claim. *El-Khalil,* 504 Mich at 160. The trial court "must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *Id*. (citation omitted). The motion may only be granted if there is no genuine issue of material fact. *Id*. There is a genuine issue of material fact when "the record leaves open an issue upon which reasonable minds might differ." *Id*. (citation omitted).

## III. ANALYSIS

Plaintiff argues that the trial court erred when it granted defendant's motion for summary disposition because there were issues of fact whether plaintiff had implied permission to use the ATV and there were credibility issues with the Sterns' testimony. We disagree.

"Insurance policies are interpreted in accordance with the principles of contract interpretation." *Auto-Owners Ins Co v Martin*, 284 Mich App 427, 433; 773 NW2d 29 (2009) (citation omitted). If a term is not defined in a policy, it should be interpreted as it is commonly used. *Allstate Ins Co v McCarn*, 466 Mich 277, 280; 645 NW2d 20 (2002). As commonly used, permission is defined as the act of "allowing someone to do something." *Black's Law Dictionary* (12th ed). Permission may be explicitly granted or implied through words and conduct. *Id*.

At issue are the insurance policies provided by defendant, which defines an insured person, in part, as "any person given permission by you or a family member to use a vehicle or watercraft covered under this policy with respect to their legal responsibility arising out of its use." Permission is not defined by the policies, and plaintiff contends that Slaven had implied permission to use the ATV because Amy had acquiesced to his frequent use. Slaven stated multiple times at his deposition that he did not have express permission to use the ATV. He knew that he had to ask Daniel for permission, and would avoid asking him.

Slaven stated that he had used the ATV approximately 20 to 30 times over two years. And although Slaven apparently had not been told to stop using the ATV, Slaven himself testified that he did not believe he had implied permission to use it. Slaven stated that if he could not find the

keys for the ATV, he would not call to ask where they were, and he believed that the Sterns did not know he was using the ATV. Additionally, Slaven's use of the ATV was not known to the Sterns, as both Amy and Daniel testified that they were not aware that Slaven was using the ATV.

Viewed in the light most favorable to plaintiff, the evidence demonstrates that Daniel was aware Slaven had used the ATV in a limited manner in the past *after* asking permission. Plaintiff argues Amy had given Slaven implied permission to use the ATV because she assumed that he had been driving the ATV on the family property when she found out about the accident. This argument mischaracterizes Amy's deposition testimony, however, as she stated she *assumed* the accident had occurred near the cabin because the ATV did not have a license plate or off-road tags. After the accident, Slaven informed Amy that he had been using the ATV at the time of the accident.

There is, however, nothing in the record that supports plaintiff's contention that Slaven had implied permission to use the ATV. Amy and Daniel testified that they did not know Slaven had been using the ATV, and Slaven and the Sterns all agreed Slaven needed to ask Daniel for permission before he could use the ATV. There was also no dispute that there was a complete prohibition on use of the ATV while intoxicated. As nothing in the record supports that Slaven had express or implied permission to use the ATV, reasonable minds could not differ as to this issue, and the trial court did not err when it granted summary disposition in favor of defendant on the basis that plaintiff was not an insured under the meaning of the relevant policies.

Plaintiff also argues the Sterns' testimony was not credible because they have an incentive to "shield themselves from liability," and contends that the Sterns have animus toward plaintiff's family. We disagree. It is insufficient that there is a mere *possibility* the jury may disbelieve the Sterns. *Franks v Franks*, 330 Mich App 69, 90; 944 NW2d 388 (2019). To survive summary disposition, plaintiff was required to come forward with evidence demonstrating a lack of credibility on the part of the Sterns. See *id*. (stating that "the nonmoving party must identify evidence that puts the affiant's or the deponent's credibility at issue to avoid summary disposition"). Viewed in the light most favorable to plaintiff, nothing in the record would support such an assertion, as the testimony of Slaven and the Sterns was consistent on the issue of permission, as all three testified that Slaven did not have permission, and Slaven admitted he used the ATV without permission.

This case is not analogous to *Price v Austin*, 509 Mich 938; 972 NW2d 246 (2022), upon which plaintiff relies for the assertion that when the credibility of a witness is at issue, summary disposition should not be granted. There, the Michigan Supreme Court specifically noted that only the one relevant witness "could know what happened inside his truck that day or whether he had any reason to suspect that an imminent syncopal episode might warrant certain conduct." *Id*. In contrast here, the testimony was consistent among *all* witnesses that Slaven was not permitted to use the ATV without permission or while intoxicated.

Affirmed. Defendant, as the prevailing party, may tax costs. MCR 7.219(A).

/s/ Christopher M. Murray
/s/ Kirsten Frank Kelly
/s/ David H. Sawyer