*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SHIRENE ADAMS,

      Plaintiff-Appellant,

v

ALLSTATE FIRE AND CASUALTY INSURANCE
COMPANY, ALLSTATE INSURANCE
COMPANY, and ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY,

      Defendants-Appellees.

UNPUBLISHED
December 14, 2023

No. 362830
Wayne Circuit Court
LC No. 20-016208-NF

Before: LETICA, P.J., and O'BRIEN and CAMERON, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's stipulated order dismissing the case with prejudice. Specifically, plaintiff challenges the underlying order granting partial summary disposition in favor of defendant, Allstate Fire and Casualty Insurance Company,[1] pertaining to the uninsured and underinsured motorist claims.[2] We affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

On May 1, 2020, plaintiff alleged that she was a passenger in a vehicle driving on I-96 in Detroit. The vehicle was driven by Kenneth Jackson, plaintiff's then romantic partner and current fiancé, and insured by defendant. The vehicle in which plaintiff traveled was purportedly

---

[1] Plaintiff also named Allstate Insurance Company and Allstate Property and Casualty Insurance Company as defendants. In the trial court, the parties stipulated to dismiss these two parties. Accordingly, we will use the singular term "defendant" to refer to Allstate Fire and Casualty Insurance Company only.

[2] We reject defendant's jurisdictional challenge to an appeal of the underlying summary disposition order. Once a party files an appeal of right from a final order, it is free to raise issues on appeal addressing prior orders. *Green v Ziegelman*, 282 Mich App 292, 301 n 6; 767 NW2d 660 (2009).

sideswiped by a semi-truck that failed to stop after the accident. As a result of the accident, plaintiff purportedly suffered injuries for which she was entitled to personal injury protection (PIP) benefits, including wage loss, medical bills, and allowable expenses. Defendant allegedly stopped paying PIP benefits on September 8, 2020, despite plaintiff's submission of proof of loss. In January 2021, plaintiff filed an amended complaint, alleging breach of contract and breach of "statutory duties" for failure to pay medical expenses and other PIP benefits to plaintiff. In count II, plaintiff raised claims of breach of contract arising from her uninsured/underinsured motorist (UM/UIM) claim. She asserted that the policy issued by defendants provided coverage for bodily injury sustained from a UM/UIM claim, and the hit-and-run vehicle that caused plaintiff's injuries qualified as such a vehicle under the terms of defendant's policy. Plaintiff raised a claim for declaratory relief as count III, seeking to determine the applicability of the no-fault act to plaintiff's claims and the amount of benefits owed to plaintiff, including attorney fees.

Defendant moved for partial summary disposition under MCR 2.116(C)(8) and (10). Specifically, defendant asserted that plaintiff and her driver, Jackson, never filed a police report, a requirement in Jackson's insurance policy with defendant. Additionally, Jackson testified that he swerved to avoid a semi-truck coming into his lane and struck the wall, but the semi-truck failed to stop. Jackson testified that there was no contact between his vehicle and the semi-truck. According to the policy provisions governing uninsured motorist coverage, a valid claim for such coverage required that bodily injury arise from "physical contact" with another vehicle. Because Jackson testified that his vehicle never touched the semi-truck, a claim for UM/UIM motorist benefits was not at issue. Further, Jackson and plaintiff did not file a police report or give notice of the accident to any agency within 24 hours as required by the policy. The terms of the insurance policy were plain and unambiguous and must be enforced as written. Defendant submitted that summary disposition was appropriate under MCR 2.116(C)(8) and (10) because plaintiff failed to state a claim upon which relief could be granted, and there was no genuine issue of material fact that a UM/UIM claim could not be made.[3]

Plaintiff filed a response in opposition to the defense motion for summary disposition of the UM/UIM claim. Defendant submitted that the insurance policy coverage was not invoked because the uninsured motorist did not make physical contact with the vehicle in which plaintiff was a passenger. Plaintiff alleged that defendant made this claim by "cherry picking" language from Jackson's deposition and ignoring plaintiff's deposition testimony. Plaintiff definitively testified that the semi-truck sideswiped Jackson's vehicle and that action caused Jackson's vehicle to crash into the retaining wall. Additionally, Jackson testified that, although he could not recall exactly if there was contact, there could have been. Furthermore, the photographs of Jackson's vehicle showed damage on both sides. Lastly, appellate caselaw held that only substantial compliance with the report of the accident was required, and the failure to timely report the incident within 24 hours did not preclude recovery.[4] In this case, the accident and plaintiff's injuries were

---

[3] Defendant submitted a second motion for summary disposition, challenging its order of priority. It also moved to set aside the stipulated order dismissing the two other defendants. These motions were denied by the trial court and are not at issue in this appeal.

[4] Plaintiff relied on *Camaj v Home-Owners Ins Co*, unpublished per curiam opinion of the Court of Appeals, issued August 24, 2010 (Docket Nos. 290664, 290711).

reported to defendant the same day and defendant failed to allege that it was prejudiced by the lack of a police investigation or police report. In light of the substantial compliance rule, plaintiff could not be precluded from recovering UM/UIM benefits. Plaintiff requested that summary disposition be denied with plaintiff awarded costs for having to respond to the frivolous motion.

At the hearing on the dispositive motion, the trial court denied defendant's motion that the UM claim was precluded by the lack of physical contact between the semi-truck and Jackson's vehicle. The trial court determined that a factual issue was established in light of plaintiff's deposition testimony, Jackson's testimony, and the photographs. However, the trial court determined that the UM claim was precluded by plaintiff's failure to comply with the requirement that the accident be timely reported to the police or other investigating agency within 24 hours.

In September 2021, the trial court entered a written order, stating that defendant's motion for partial summary disposition of the UM/UIM benefits was granted for "the reasons stated on the record." In September 2022, the trial court entered a stipulated order of dismissal with prejudice. This order provided that plaintiff's claim for first-party no-fault benefits was dismissed with prejudice. But the dismissal order did not otherwise preclude plaintiff's claim for UM/UIM coverage or appeals related to that coverage. From these rulings, plaintiff appeals.

## II. STANDARD OF REVIEW

A trial court's decision on a motion for summary disposition is reviewed de novo. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of a claim as presented in the pleadings. *Id*. at 159-160. Summary disposition under MCR 2.116(C)(8) is proper when "[t]he opposing party has failed to state a claim on which relief can be granted." "Only the pleadings may be considered when the motion is based on subrule (C)(8)[.]" MCR 2.116(G)(5). A motion under subrule MCR 2.116(C)(8) may only be granted when "the claims are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery." *Kazor v Dep't of Licensing & Regulatory Affairs*, 327 Mich App 420, 422; 934 NW2d 54 (2019).

A motion for summary disposition premised on MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Charter Twp of Pittsfield v Washtenaw Co Treasurer*, 338 Mich App 440, 449; 980 NW2d 119 (2021). The moving party must identify and support the issues to which the moving party believes there is no genuine issue of material fact, and the affidavits, pleadings, depositions, admissions, and other documentary evidence submitted with the motion must be examined. *Id*. Once the moving party makes and supports its motion, the opposing party may not rest on mere allegations or denials in the pleadings, but must submit documentary evidence setting forth specific facts to demonstrate a genuine issue for trial. *Id*.

## III. ANALYSIS

Plaintiff challenges the trial court's ruling that the failure to comply with the 24-hour policy provision requiring timely report of the accident to the police or state agency resulted

in the dismissal of the UM/UIM claim.[5]  Specifically, she contends that she substantially complied with the notice provision when Jackson notified defendant's agent within hours of the accident's occurrence.  We disagree.

The following rules govern the interpretation of an insurance contract:

"Insurance policies are contracts and, in the absence of an applicable statute, are subject to the same contract construction principles that apply to any other species of contract." [*Titan Ins Co v Hyten*, 491 Mich 547, 554; 817 NW2d 562 (2012)] (quotation marks and citation omitted).  Under traditional principles of contract construction, "unless a contract provision violates law or one of the traditional defenses to the enforceability of a contract applies, a court must construe and apply unambiguous contract provisions as written." *Rory v Continental Ins Co*, 473 Mich. 457, 461; 703 NW2d 23 (2005).  A contract is ambiguous "if it is equally susceptible to more than a single meaning." *Barton-Spencer v Farm Bureau Life Ins Co of Mich*, 500 Mich 32, 40; 892 NW2d 794 (2017).  Because the contract at issue involves mandatory PIP benefits required by the no-fault act, the contract and statutes must be "read and construed together as though the statutes were part of the contract . . . ." *Titan Ins Co*, 491 Mich at 554 (quotation marks and citation omitted). [*Henry Ford Health Sys v Everest Nat'l Ins Co*, 326 Mich App 398, 402-403; 927 NW2d 717 (2018).]

The Legislature enacted the no-fault act without requiring UM coverage, and therefore, the parties may contract for this provision as they see fit.  *Cole v Auto Owners Ins Co*, 272 Mich App 50, 55; 723 NW2d 922 (2006).  As a result, the purpose of the no-fault act, to broadly provide coverage for those injured in motor vehicle accidents without regard to fault, is inapplicable to UM coverage.  *Id*.  A breach of contract does not necessarily preclude recovery on the contract if there has been substantial performance.  *Antonoff v Basso*, 347 Mich 18, 28; 78 NW2d 604 (1956).  But, substantial performance cannot be invoked where the departure frustrates the purpose of the contract.  See *id*. at 30 (citation omitted).

In *DeFrain v State Farm Mut Auto Ins Co*, 491 Mich 359, 363; 817 NW2d 504 (2012), a hit-and-run driver ran his vehicle into a pedestrian, William DeFrain, who sustained severe head injuries from the collision on May 31, 2008.  DeFrain's insurance policy provided for UM coverage with State Farm.  According to the policy, a claimant must notify State Farm of a claim for such benefits with details about the injury and treatment as soon as reasonably possible after the injured person is first examined or treated.  The policy provision addressing hit-and-run accidents required a claimant report the accident to the police within 24 hours and to State Farm within 30 days.  State Farm did not receive notice that DeFrain was the victim of a hit-and-run accident until August 25, 2008, well after the 30-day notice period lapsed.  DeFrain filed a complaint for UM benefits on October 8, 2008.  He died from his injuries on November 11, 2008, and a personal representative assumed the litigation and filed an amended complaint.  *Id*. at 363.

---

[5] During oral argument, plaintiff's counsel withdrew the first issue raised in appellant's brief.

State Farm moved for summary disposition, alleging that the failure to comply with the 30-day notice provision addressing hit-and-run cases warranted dismissal of the plaintiff's complaint. The plaintiff opposed the motion, asserting that the policy language was ambiguous and that the notice provision was enforceable only if noncompliance prejudiced State Farm. The trial court and Court of Appeals denied the dispositive motion. *Id.* at 363-364. After examining caselaw addressing this issue, our Supreme Court concluded that the contract was to be enforced as written, there was no prejudice requirement, and a condition precedent to recovery was not satisfied, stating:

> "[A]n unambiguous contractual provision . . . is to be enforced as written," and "[a] mere judicial assessment of 'reasonableness' is an invalid basis upon which to refuse to enforce contractual provisions . . . . In this case, the policy unambiguously required DeFrain or someone acting on his behalf to notify State Farm about the hit-and-run accident within 30 days of its occurrence. Whether the failure to comply with the provision prejudiced State Farm is irrelevant. Thus, the Court of Appeals erred by affirming the trial court's denial of State Farm's motion for summary disposition on the ground that "State Farm did not show any prejudice that resulted from the failure to comply with the 30-day notice provision." State Farm was entitled to summary disposition because a condition precedent to the policy's enforcement was not satisfied. For the foregoing reasons, we reverse the judgment of the Court of Appeals and remand the case to the trial court for entry of summary disposition in favor of State Farm. [*Id.* at 376 (footnotes omitted).]

Jackson's insurance policy, Part VI, Uninsured Motorists Insurance – Coverage SS, stated in pertinent part:

> **We** will pay damages which an **insured person** is legally entitled to recover from the owner or operator of an uninsured auto because of **bodily injury** sustained by an **insured person**. The **bodily injury** must be caused by accident and arise out of the ownership, maintenance or use of an uninsured auto. **We** will not pay any punitive or exemplary damages.

> \* \* \*

> **An insured auto is:**

> \* \* \*

> 4. a hit-and-run **motor vehicle** which causes **bodily injury** to an **insured person** by physical contact with the **insured person** or with a vehicle occupied by that person. The identity of the operator and the owner of the vehicle must be unknown. The accident must be reported within 24 hours to a police, peace or judicial officer, to the Commissioner of Motor Vehicles of the State of Michigan or to the equivalent department in the state where the accident occurred. **We** must be notified within 30 days. If the **insured person** was occupying a vehicle at the time of the accident, **we** have a right to inspect it. [Emphasis in original.]

In the present case, plaintiff submits that notice was provided to defendant's insurance agent within hours of the accident. Indeed, plaintiff presented a notice of loss. In that document, Jackson called defendant's representative at 7:22 a.m. to report that an accident occurred at 4:30 a.m. But, this document merely provided that the injury occurred by "[c]ontact with other vehicle/property/other party" and also identified "[c]hanging lanes." The phone call did not indicate the location of the accident.

Plaintiff submits that the call to the insurance company substantially complied with the uninsured motorist notice provision, and therefore, the trial court erred in granting summary disposition to defendant. Because UM coverage is not governed by the no-fault act, the rules of contract construction apply. The plain and unambiguous language of the UM provision addresses notice and provides:

> The accident must be reported within 24 hours to a police, peace or judicial officer, to the Commissioner of Motor Vehicles of the State of Michigan or to the equivalent department in the state where the accident occurred. **We** must be notified within 30 days. [Emphasis in original.]

We conclude that plaintiff did not substantially comply with the provision governing notice to the police or state motor vehicle department by giving notice to the insurance company, and a holding that Jackson substantially complied with the notice provision would frustrate the purpose of the contract. Specifically, the plain language of the policy indicates that the two notice provisions are mutually exclusive and serve different functions. The 30-day notice provision to defendant advises that a claim is being made for uninsured motorist benefits. However, the 24-hour notice provision to the police or state motor vehicle department allows for an investigation to occur. Additionally, a prompt investigation may allow the police to ascertain the identity of the hit-and-run driver and whether there is insurance available from that driver's policy. With the prevalence of traffic cameras monitoring accidents and traffic congestion on freeways, the 24-hour notice to the police may have allowed them to secure video footage at or near the scene of the accident. A semi-truck traveling at 3:00 or 4:00 a.m. may have been identifiable through those monitoring systems.

The failure to provide the 24-hour notice to the police also made it impossible for the police to investigate plaintiff and Jackson's version of events. After the accident, plaintiff and Jackson reported that Jackson left his vehicle and paced along the freeway. However, at the time, plaintiff was purportedly covered in broken glass. Although plaintiff and Jackson were involved in a relationship, Jackson did not attend to plaintiff and immediately call for assistance but waited and merely called for a tow truck, not the police or an ambulance. The circumstances of the accident also could not be investigated by an accident reconstructionist. Jackson testified that the semi-truck started to "come over" and that action prompted Jackson to honk at the truck and flash his lights. Yet, Jackson was only traveling at 60 miles per hour. It is unclear why Jackson, who responded to the semi-truck by honking and flashing lights, did not start to brake or calmly maneuver into another lane of travel instead of being "forced" into a wall. Additionally, in his deposition, Jackson identified the general freeway that he was traveling as I-94. But, he did not itemize the number of lanes, the lane in which the contact occurred, and the degree of traffic that early morning. On the other hand, plaintiff identified the highway as being I-96. Thus, if timely notice had been given, an accident reconstructionist may have been able to determine the rates of speed, the cause of the accident, and its location.

An unambiguous contract must be enforced as written, and a judicial determination regarding reasonableness is an invalid basis for refusing to enforce a contract provision. *DeFrain*, 491 Mich at 376. Where an insured fails to comply with a condition precedent to the policy's enforcement, such as a notice provision, the insurer is entitled to summary disposition without a showing of prejudice. *Id*. Accordingly, the trial court did not err in granting summary disposition of the claim for UM/UIM benefits for failure to comply with the 24-hour notice provision. The notice to the insurance company was a separate and distinct requirement that did not trigger a police investigation or accident reconstruction. The failure to meet this condition precedent prevented plaintiff's recovery of UM benefits.[6]

Affirmed.

/s/ Anica Letica
/s/ Colleen A. O'Brien
/s/ Thomas C. Cameron

---

[6] We reject plaintiff's contention that *Camaj v Home-Owners Ins Co*, unpublished per curiam opinion of the Court of Appeals, issued August 24, 2010 (Docket Nos. 290664, 290711), supports reversal of the trial court's decision. The *Camaj* decision does not constitute binding precedent. MCR 7.215(C)(1). Additionally, we conclude that the *Camaj* decision is not persuasive, *Cox v Hartman*, 322 Mich App 292, 307; 911 NW2d 219 (2017), and *Camaj* is inconsistent with *DeFrain*.