*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

MARTAZ COLEMAN,

        Plaintiff-Appellant,

v

MAGNI INDUSTRIES, INC.,

        Defendant-Appellee.

UNPUBLISHED
October 24, 2024
10:17 AM

No. 366547
Wayne Circuit Court
LC No. 22-010380-NO

Before: CAMERON, P.J., and JANSEN and SWARTZLE, JJ.

JANSEN, J. (*dissenting*).

For the following reasons, I respectfully dissent. In this action brought under the intentional-tort exception to the exclusive-remedy provision of the Worker's Disability Compensation Act (WDCA), MCL 418.101, *et seq.*, I would vacate the trial court's order granting summary disposition to defendant and remand for further proceedings because the limitations provision violated public policy under the circumstances of this case.

Plaintiff was hired by defendant in August 2018, when he was 17 years old, to work as a janitor. Defendant manufactured corrosion-protection chemical coatings. As a condition of employment, plaintiff signed an agreement to shorten the limitations period within which he could file a claim against defendant to 180 days. Plaintiff continued to work for defendant after reaching the age of majority, and in October 2019, he was called to clean after a paint spill. He used a volatile solvent and electric buffer as instructed by his supervisor. An explosion occurred, and plaintiff suffered significant injuries requiring hospitalization until February 2020. Plaintiff's parents were appointed his coguardians and coconservators from January 2020, until January 2021. In August 2022, plaintiff filed suit against defendant arguing that defendant committed an intentional tort subject to the intentional-tort exception to the exclusive-remedy provision of the WDCA, MCL 418.131(1). Defendant moved for summary disposition, arguing that plaintiff's claim was barred by the limitations provision. The trial court granted the motion, and this appeal followed.

The majority is correct that although plaintiff raised the issue of public policy before the trial court, his reasoning was different than what he now asserts on appeal. In the trial court, he

argued that the limitations provision was against public policy because he was a minor when he signed the agreement; the basis for his public-policy argument on appeal is that his injuries prevented him from investigating his claim during the limitations period. Because this argument was not raised in the trial court, it is unpreserved, *Glasker-Davis v Auvenshine*, 333 Mich App 222, 228; 964 NW2d 809 (2020), and this Court is not obligated to consider it, *Tolas Oil & Gas Exploration Co*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 359090); slip op at 3. However, "this Court may overlook preservation requirements if the failure to consider the issue would result in manifest injustice, if consideration is necessary for a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented." *Smith v Foerster-Bolser Constr, Inc*, 269 Mich App 424, 427; 711 NW2d 421 (2006). I would overlook the lack of preservation and consider the issue, applying the de novo standard of review to the trial court's decision on the motion for summary disposition, *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999), to questions of statutory interpretation, construction, and application, *Johnson v Johnson*, 329 Mich App 110, 118; 940 NW2d 807 (2019), and to the interpretation of the contract, *Lueck v Lueck*, 328 Mich App 399, 404; 937 NW2d 729 (2019).

Plaintiff filed a claim against defendant under the WDCA. "The WDCA is Michigan's workers' compensation statute. Ideally, the WDCA serves the dual purposes of streamlining the payment and receipt of benefits for workers who are injured on the job and limiting employers' exposure to individual lawsuits by injured workers." *Wittenberg v Bulldog Onsite Solutions, LLC*, 345 Mich App 550, 555; 7 NW3d 95 (2023). "An employee who falls within the WDCA's framework is subject to the exclusive-remedy provision of the act." *Id*. MCL 418.131(1) states:

> The right to the recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer for a personal injury or occupational disease. The only exception to this exclusive remedy is an intentional tort. An intentional tort shall exist only when an employee is injured as a result of a deliberate act of the employer and the employer specifically intended an injury. An employer shall be deemed to have intended to injure if the employer had actual knowledge that an injury was certain to occur and willfully disregarded that knowledge. The issue of whether an act was an intentional tort shall be a question of law for the court. This subsection shall not enlarge or reduce rights under law.

In other words, "with the exception of certain intentional torts, an employee subject to the exclusive-remedy provision cannot sue their employer for a workplace injury except to recover WDCA benefits." *Wittenberg*, 345 Mich App at 555-556. "By enacting the exclusive remedy provision of the WDCA, the Legislature clearly and unambiguously limited an employee's right to recover against his employer for injury arising out of the course of his employment to the benefits available under the WDCA." *Harris v Vernier*, 242 Mich App 306, 320; 617 NW2d 764 (2000). Plaintiff sought to invoke the intentional-tort exception, arguing that his injuries arose because defendant had actual knowledge an injury would occur and disregarded that knowledge. Plaintiff alleged that defendant knew of previous explosions resulting from the use of the same solvent with an electric buffer, and failed to warn plaintiff of the risk.

MCL 600.5805(2) states that "the period of limitations is 3 years after the time of the . . . injury for all actions to recover damages . . . for injury to a person . . . ." Thus, the exception to

the exclusive-remedy provision of the WDCA would have given plaintiff three years to file a complaint against defendant. However, plaintiff entered the agreement with defendant to shorten the limitations period.

"[P]arties to a contract may agree to a shortened period of limitations." *Liparoto Constr, Inc v Gen Shale Brick, Inc*, 284 Mich App 25, 30; 772 NW2d 801 (2009). "An unambiguous contractual provision providing for a shortened limitations period is to be enforced as written unless the provision violates the law or public policy or is otherwise unenforceable under traditional contract defenses, including duress, waiver, estoppel, fraud, or unconscionability." *Id*. Whether a contractually shortened period of limitations violates public policy "is not merely the equivalent of the personal preferences of a majority of this Court; rather, such a policy must ultimately be clearly rooted in the law." *Rory v Continental Ins Co*, 473 Mich 457; 471; 703 NW2d 23 (2005) (quotation marks and citation omitted). The Court must look to "policies that, in fact, have been adopted by the public through our various legal processes, and are reflected in our state and federal constitutions, our statutes, and the common law." *Id*. (quotation marks and citation omitted). Generally, Michigan has no "policy or statutory enactment . . . which would prohibit private parties from contracting for shorter limitations periods than those specified by general statutes." *Id*. (quotation marks and citation omitted). This can be said for employment contracts providing for shortened periods to file suit against an employer. See *Clark v DaimlerChrysler Corp*, 268 Mich App 138, 142; 706 NW2d 471 (2005) (in the employment context, "Michigan has no general policy or statutory enactment prohibiting the contractual modification of the periods of limitations provided by statute."). Thus, "[t]he circumstances under which a contract provision can be said to violate law or public policy are [] narrow." *DeFrain v State Farm Mut Auto Ins Co*, 491 Mich 359, 372; 817 NW2d 504 (2012).

On August 15, 2018, when he was 17-years-old, plaintiff signed the agreement with defendant to shorten the limitations period. The explosion occurred on October 12, 2019, and rendered plaintiff incapacitated. He was hospitalized for four months, underwent multiple surgeries, and was in a medically-induced coma for some time. The trial court agreed with plaintiff that he could not perform under the contract from the date of the accident until his parents were appointed coguardians and coconservators in January 2020. Even with this three-month grace period, because plaintiff's parents did not file suit on his behalf before July 2020, during their one-year appointment, the trial court ruled that plaintiff's claim was barred by the agreed-upon shortened limitations period. The trial court erred.

Where the WDCA otherwise immunizes employers from tort liability by providing the sole avenue of recovery, MCL 418.131(1), it is against public policy to further limit the limitations period under the circumstances where there may have been an intentional injury.[1] It would still be

---

[1] The fact that all workers' compensation claims must be litigated before the Workers' Compensation Bureau under the statutory scheme, with the sole exception being intentional torts, reinforces the proposition that limiting the statute of limitations when there has been a possible intentional injury violates public policy. See MCL 418.841(1) ("Any dispute or controversy concerning compensation or other benefits shall be submitted to the bureau and all questions

-3-

plaintiff's burden on remand to prove an intentional tort occurred. *Id*. But the 180-day limitations period from this contract specifically is against public policy where plaintiff was so severely injured that he could not perform in the limited time period, regardless of the appointment of his parents as coguardians and coconservators. Because the contractual limitations period is unenforceable by reason of violating public policy, *Liparoto Constr, Inc*, 284 Mich App at 30, and plaintiff's suit filed in August 2022 falls within the three-year statute of limitations provided in MCL 600.5805(2), the trial court erred in granting defendant summary disposition under MCR 2.116(C)(7) and (10).

I would therefore vacate the trial court order granting defendant summary disposition, and remand to the trial court for further proceedings.

/s/ Kathleen Jansen

---

arising under this act shall be determined by the bureau or a worker's compensation magistrate, as applicable.").